[No. 7523.]

## LEE v. THE PEOPLE.

1. PARENT AND CHILD—*Decree Awarding Child to One Parent—Effect*—A decree of divorce awarding the custody of a child to the mother, divests all right of the father over such child—save the right of visitation, if that is reserved to him.

2. CRIMINAL LAW—*Kidnapping*—A father abducts his infant child which by a decree of divorce has been committed to the custody of the mother, He is guilty of kidnapping under Rev. Stat. sec. 1668.

3. ——*Venue*—It is not required that the venue should be established by direct evidence. It is sufficient, if upon all the evidence, it may reasonably be inferred.

*Error to Weld District Court.*—Hon. NEIL F. GRAHAM, Judge.

Mr. JAMES W. GAULT and Messrs. CLAMMER & TEMPLE, for plaintiff in error.

Mr. BENJAMIN GRIFFITH, attorney general, and Mr. CHARLES O'CONNOR, first assistant attorney general, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On June 27th, 1910, Iris Lee, the prosecuting witness here, was granted a decree of divorce from the defendant, James W. Lee, by the county court of Weld county, and awarded the custody of their daughter, Irene La Von Lee, three years old. A right was reserved in the decree to the father to visit the child for six hours on the first Sunday of each month. He was also permitted to take her, during such visiting period, to any place not more than six miles distant from the abode of the mother. On November 6th, 1910, pretending to act under the decree, the defendant went to the residence of the mother in Weld county, took the child away, and immediately fled the state with her into British Columbia, thence to the state of Texas, where he was later discovered, brought back to Weld county, charged with, tried and found guilty of the statutory crime of kidnapping and sentenced accordingly. To review this judgment the defendant brings the case here on error.

Section 1668, Revised Statutes, 1908, reads:

"Kidnapping is the forcible abduction, stealing away, or secreting of a man, woman or child."

It was upon formal charge under this section that conviction was had.

There are two reasons urged why the judgment should be reversed: First. That the kidnapping statute does not apply to the defendant, as he is the father of the child; and Second. If it does, the state failed to prove that the alleged offense was committed, as laid, in Weld county.

The defendant appeared and contested the action in which the decree awarding the custody of the child to the mother was rendered. He was fully advised that his only right under the decree was to visit the child once a month for a stated time and within a limited distance from the mother's abode. By the express terms of the decree, the exclusive control and custody of the child were vested in the mother. The natural right of the father to have the custody and control of his child was taken away by law. It is well settled that, unless modified or set aside, a decree awarding the custody of a child is conclusive, and that such an award in favor of the mother against the father operates to divest the latter of all right over the child.—14 Cyc. 810.

The statute contains nothing from which it may be inferred that a parent, who has lost the custody of his or her child by formal court decree, upon full hearing, is upon any theory exempt from its operation. The authorities upon this proposition, under statutes similar to our own, are in harmony, and without exception support this view.—*State v. Farrar*, 41 N. H. 53; *State v. Rhoades*, 29 Wash. 61; *Hunt v. Hunt*, 94 Ga. 257; *Commonwealth v. Nickerson*, 87 Mass. 518; *In re Peck*, 66 Kan. 693; and 2 Bishop on Criminal Law, sec. 754. Although the defendant took the child assuming to act under the decree, no lawful possession thereby attached for the removal of the child from the state, or for any purpose except that of visitation, as provided therein. We are clearly of opinion that, under the facts of this case, the defendant, though a parent of the child, is amenable to the statute, and

that the taking of the child by him was unlawful, just as a like taking by any third person would have been.

The contention that there was a failure to prove venue is untenable. To establish venue it is not necessary that there should be direct evidence that the offense was committed at the place charged; it is sufficient if from all of the evidence such conclusion may fairly and reasonably be inferred.— *Brooks v. The People,* 23 Colo. 375; *Warford v. The People,* 43 Colo. 107; and 12 Cyc. 494. It is shown by the evidence that the defendant took the child from the residence of the mother near Johnstown, the place where she resided at the time the decree of divorce, granting her the custody of the child, was awarded. The decree of divorce itself, which is in evidence, recites, as one of the findings of the court, that the mother, for more than a year previous thereto, had been and then was a resident of Weld county. Venue is a matter to be established like any other fact. That question was submitted to the jury properly instructed. It must have found, and there is proof to support the finding, that the alleged offense was committed in Weld county, which result should not be disturbed on review.

The court instructed the jury, in substance, that unless it should find from the evidence beyond a reasonable doubt that when the defendant took the child, pretending to act under the decree, he then and there had the unlawful intent and purpose, wilfully and feloniously, to steal and carry her out of the state of Colorado, which constitutes the very gist of the offense charged, he should be acquitted. The jury must have found these facts against the defendant, otherwise the veridct would have been different. The case was carefully tried throughout and submitted in all its phases upon full and correct instructions, amply safeguarding every right of the defendant. The evidence is clear and convincing, showing a wilful and deliberate purpose on the part of the defendant, at the time of the taking, without the consent of the mother and in defiance of the express provisions of the divorce decree, to obtain the cus-

tody of the child for the purpose of unlawfully carrying her from the state. His conduct plainly evinced a fixed determination to override the law, and was in clear violation of the statute under which he was prosecuted. No other verdict than one of guilt could have been properly returned upon the evidence adduced.

We find no case, under a statute like ours, holding that the parenthood of a defendant is a defense, for such wrongful taking, where a decree of court has withdrawn from such parent his natural and legal right to the custody of the child. It is for the protection of children, and for the benefit of society, that courts take jurisdiction of the status of parent and child, and when that jurisdiction attaches and a valid and binding decree has been entered, which divests either parent of the custody and gives it to the other, then such child is as fully protected from being stolen and carried away by the parent, thus divested of its custody, as if done by any other person. The necessity for a statute of this sort, applicable to just such cases as the one before us, is clearly apparent. But for it, or a similar one, there would be no adequate protection for a parent, who had been awarded exclusive custody of a child, against its unlawful seizure and removal to another state by the one ousted of its custody and control. It is idle to say that resort should be had to proceedings in contempt. Where, as in this case, the offender has fled the state with the child, it is impossible to reach him except by criminal process. Contempt proceedings would be utterly futile. The judgment is affirmed.                              *Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE WHITE concur.