599 P.2d 250

STATE of Arizona, Appellee,

v.

Frances Wilma KRACKER, Appellant.

No. 1 CA–CR 3527.

Court of Appeals of Arizona,
Division 1,
Department B.

June 12, 1979.

Rehearing Denied July 27, 1979.

Review Denied Sept. 11, 1979.

Robert K. Corbin, Arizona Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Jessica L. Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Presiding Judge.

This is an appeal from the judgment of guilt and sentence imposed for the appellant's violation of the child stealing statute, A.R.S. § 13–841.[1] Appellant was placed on probation for ten years with a condition that she spend one year in Maricopa County Jail.

In a prior divorce proceeding the trial court awarded the permanent legal custody of the appellant's son, Harold Ray Agee, Jr., to the appellant's former husband. On

1. As modified, this section has been reenacted in the Criminal Code as A.R.S. § 13–1302.

July 15, 1977, appellant went to her former husband's home and picked up her son in exercise of weekend visitation rights granted to her by the trial court. Rather than return the child to his father by 6:00 p. m. on July 17, 1977, in compliance with the court's visitation orders, appellant took the child to Arkansas where they remained until October, 1977, when the boy's father located them.

The jury convicted the appellant under A.R.S. § 13–841, which provides as follows:

A person who maliciously, forcibly or fraudulently takes or entices away a child under the age of seventeen years with intent to detain and conceal the child from its parent, guardian or other person having lawful charge of the child, shall be punished by imprisonment in the state prison for not to exceed ten years, or by imprisonment in the county jail for not to exceed six months and by a fine not exceeding five hundred dollars.

The appellant argues on appeal that her motivation in taking the child from his father should preclude her conviction under A.R.S. § 13–841. She claims that the boy's father was unfit to be the legal custodian, and that she acted in what she perceived to be the best interests of the child by taking him from her former husband. Specifically, appellant argues that the trial court erred by excluding evidence offered to demonstrate the father's unfitness, and by refusing to instruct the jury that she lacked the requisite criminal intent if she acted "through misfortune" and with "no evil design, intention, or culpable negligence." We disagree.

■ To support a child stealing conviction under A.R.S. § 13–841, the State must present proof of the defendant's "intent to detain and conceal the child" from its legal custodian. The appellant admitted at trial that she deliberately took her son to Arkansas in knowing violation of the court's custody order and concealed his whereabouts from his father. The evidence established the elements for conviction under this statute. Assuming, arguendo, that the appellant was motivated by a desire to help rather than hurt the child, such motivation was not relevant and could not constitute a defense to the charge. The trial court did not err by rejecting the appellant's offer of proof and requested jury instruction. The court properly instructed the jury that the State must prove that the appellant had the "specific intent to detain and conceal the child" from his legal custodian.

■ The appellant's reliance on A.R.S. § 13–134 is misplaced. That section provides in pertinent part that a person shall not be punished for acts committed

through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence.[2]

This section merely provides generally that a person shall not be subject to criminal liability if he does not possess the mental state required by a particular criminal statute. The mental element which must be shown under A.R.S. § 13–841 is the "intent to detain and conceal the child from its parent, guardian or other person having lawful charge of the child . . . ." The State presented substantial evidence, and the appellant admitted, that she had taken and concealed her son from his lawful guardian. This evidence satisfied the mens rea requirement under the child stealing statute.

In *Lee v. People*, 53 Colo. 507, 127 P. 1023 (1912), the Colorado Supreme Court affirmed a conviction under a kidnapping statute in a case involving facts very similar to those presented in this case. Although that case involved a general kidnapping statute rather than a more specific child stealing statute, we agree with that Court's discussion of the need for criminal prosecution as a means of enforcing civil custody orders:

It is for the protection of children, and for the benefit of society, that courts take

2. This portion of former A.R.S. § 13–134 has not been reenacted in the present criminal code.

jurisdiction of the status of parent and child, and when that jurisdiction attaches and a valid and binding decree has been entered, which divests either parent of the custody and gives it to the other, then such child is as fully protected from being stolen and carried away by the parent, thus divested of its custody, as if done by any other person. The necessity for a [criminal] statute of this sort, applicable to just such cases as the one before us, is clearly apparent. But for it, or a similar one, there would be no adequate protection for a parent, who had been awarded exclusive custody of a child, against its unlawful seizure and removal to another state by the one ousted of its custody and control. 127 P. at 1025.

Appellant was not without a remedy if she believed that the child's best interests demanded a change of custody. After entering its order in a divorce or dissolution of marriage proceeding, the trial court retains continuing jurisdiction during the child's minority to rule on custody questions. *Grimditch v. Grimditch*, 71 Ariz. 198, 225 P.2d 489 (1950); *Ward v. Ward*, 88 Ariz. 130, 353 P.2d 895, *modified on appeal*, 88 Ariz. 285, 356 P.2d 30 (1960). Appellant thus had the opportunity to present her evidence of the father's unfitness to the trial court in an effort to regain custody of her son. The taking of the child in blatant disregard of a valid court custody order should result in criminal culpability pursuant to A.R.S. § 13–841.

Affirmed.

OGG, C. J., Division One, and JACOBSON, J., concur.