611 P.2d 92

STATE of Arizona, Appellee,

v.

John Nelson McLAUGHLIN, Appellant.

No. 4883.

Supreme Court of Arizona, En Banc.

April 22, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

HAYS, Justice.

On March 2, 1979, defendant-appellant John Nelson McLaughlin was adjudged guilty of attempted child abduction conspiracy in the second degree and trespass upon educational property and was thereupon sentenced to a period of five years probation. His appeal was transferred to this court pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e)(5) and we affirm.

Although the facts in this case are somewhat in dispute, a review of the record establishes the following sequence of events. On February 18, 1977, Dr. Stephen Zang, a physician and attorney admitted to practice in both Arizona and Nevada, obtained a default divorce from his spouse, Cheryl Zang, in Las Vegas, Nevada. Pursuant to the terms of the dissolution, Dr. Zang was awarded custody of the two minor children of the marriage, subject to a right of visitation; however, the decree provided for subsequent review of the custody issue upon termination of the school semester. On February 20, 1977, Dr. Zang and the children moved to Arizona and shortly thereafter he had the Nevada decree entered on the Arizona dockets. Although the record at this point is unclear, the transcripts do establish the existence of a written order of the Maricopa County Superior Court granting custody of the children to Dr. Zang and suspending the visitation rights of his former spouse.

Apparently dissatisfied with the custody decrees, Ms. Zang allegedly decided to covertly remove the children from Arizona and her husband's possession. In furtherance of this scheme, she contacted appellant, the owner and operator of the local security guard service, requesting protection from interference by Dr. Zang. Although again the record is not clear, it is apparent that appellant was shown at least the Nevada decree of dissolution and possibly the order of the Arizona court.

On the morning of October 12, 1977, appellant, along with two employee security guards, met with Ms. Zang and a male companion at a Phoenix restaurant in order to finalize plans to remove the Zang children from their Tempe school. Appellant outlined the proposed course of action on a napkin which was subsequently introduced into evidence. In essence, the strategy involved the blocking of Dr. Zang's driveway with a purportedly inoperative automobile and the removal of the children from the schoolyard at the first appropriate moment. Ms. Zang wore a blond wig, sunglasses and a security guard shirt supplied her by appellant as a method of concealing her identity from school officials.

Pursuant to the scheme, appellant, a guard and Ms. Zang proceeded to the school, arriving at approximately 10:30 A.M. Appellant approached the school's principal, informed her that he was seeking a younger cousin and inquired regarding the lunch hour of the second grade. Nothing more occurred until noon recess, when Ms. Zang, accompanied by one of appellant's guards, removed one of her children from the lunch line and directed him towards a waiting auto. It was only the immediate pursuit of the child's teacher and a nearby resident which prevented the successful completion of the plan and forced the parties to await the arrival of police.

On appeal, appellant alleges that he has violated no law. He contends that jurisdiction in the Nevada divorce proceedings was fraudulently obtained and that any decree issued pursuant thereto was void and without effect. Based upon this premise, appellant would have us hold that there could thus have been no attempt at removing the youngster from a "person having lawful charge of the child" within the meaning A.R.S. § 13–841 (1956) of our previous Criminal Code. In our opinion, however, although the record before us is void of evidence other than defendant's testimony regarding the validity or invalidity of the Nevada decree, we find this contention of little significance.

 A.R.S. § 13–841 provides in part: A person who maliciously, forcibly or fraudulently takes or entices away a child under the age of seventeen years with intent to detain and conceal the child from its parent, guardian or other person having lawful charge of the child, shall be punished by imprisonment . . .. (emphasis added).

The underscored language establishes clearly the *mens rea* sufficient for conviction of child abduction. There must be an intent to detain and conceal the minor from a person in lawful control. *State v. Kracker*, 123 Ariz. 294, 599 P.2d 250 (App.1979). In this regard, it must thus suffice if the accused knows that he is removing the child from the custody of one who appears to have lawful custody.

 Ordinarily a judgment or decree which is rendered without jurisdiction may be collaterally attacked. In *Phoenix Newspapers, Inc. v. Superior Court*, 101 Ariz. 257,

418 P.2d 594 (1966), we held that in a contempt proceeding the contemnor may show that the order appealed from is void or the court was without jurisdiction to enter such order.

However, we are confronted with a different situation here, involving no closely guarded first amendment rights. The purpose of the charging statute was to stem the flood of child-stealing acts often attendant to domestic relations cases. The rule advanced by appellant is not only not supported by the authorities but does not conform with logic and common sense. It was well said in *State v. Chavez*, 123 Ariz. 538, 543, 601 P.2d 301, 306 (App.1979):

In our opinion, the concept that any person, lay or professional, may determine whether a court order is "void on its face" and thus susceptible to being ignored as unconstitutional can find no justification in the law. The application of such a principle would stand the judicial system in this country on its head.

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.