**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert G. BUCKNER, Defendant-Appellant.**

No. 78–1319.

United States Court of Appeals, Ninth Circuit.

Oct. 3, 1979.

Norman H. McNeil, Rancho Palos Verdes, Cal., for defendant-appellant.

Charles E. Brookhart, Washington, D. C., argued for plaintiff-appellee; Gilbert E. Andrews, Washington, D. C., on the brief.

Before CHAMBERS and HUG, Circuit Judges, and INGRAM,* District Judge.

INGRAM, District Judge.

Robert G. Buckner (hereafter appellant) appeals from his conviction by jury verdict of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371; two counts of attempting to evade income tax in violation of 26 U.S.C. § 7201; and two counts of knowingly subscribing to materially false tax returns in violation of 26 U.S.C. § 7206(1). The taxable years involved are 1970 and 1971. Also convicted of conspiracy and filing of false loan application was one Lang, an alleged co-conspirator. Lang has not appealed.

We briefly review the facts in their aspect most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

---

* Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

In 1969, appellant and Lang formed a Subchapter S corporation for the stated purpose of constructing and managing hotels and motels. Two projects were undertaken and were eventually completed. Construction loans for these were obtained from Transamerica Company, under which the corporation drew monthly amounts based on the amount of expenditure incurred during the previous month. Early in 1970, and while the hotel projects were under construction, appellant made improvements to his residence, most of the costs of which were billed to the corporation and entered on the corporate books as items attributed to hotel construction. Billings for work performed at the residence specified in some cases work performed for the hotel projects. In December 1971, appellant was advised to deposit a substantial sum in his corporate loan account in order to achieve a positive balance in accordance with Subchapter S requirements. Through Lang a bank loan was negotiated to make this deposit, but the money was loaned to the corporation rather than to appellant, and the necessary deposit to the loan account was not made until January 1972, after the close of the taxable year 1971. Consequently, appellant's capital had a negative balance as of the close of the taxable year 1971.

Under the government's theory of the case, all of the sums expended on the house and charged to the corporation were taxable to appellant as ordinary income. In addition, because at the close of the year 1971 appellant's corporate capital account in the Subchapter S corporation was overdrawn, it is the government's contention that appellant should have reported as income all of the corporate net operating losses passed through to him and claimed by him for the year 1971, and withdrawals in 1971 which excluded net operating losses for 1969 and 1970 should have been reportable as a capital gain. An additional small amount of deficiency was attributed to the non-reporting of interest received by appellant incident to the repayment of a loan. Appellant contended at trial that the residence expenditures should have been treated as loans, and that the amounts of certain loans for the benefit of the corporation for which appellant was obligated should have been credited to his corporate capital account, thus causing the account to be in a credit balance position.

Appellant seeks our review of five issues:

(1) Should counts 2 and 5 of the indictment, each alleging violation of 26 U.S.C. § 7201 have been dismissed for vagueness, or in the alternative should the government have been required to furnish a bill of particulars?

(2) Should portions of certain statements of co-defendants, taken after the end of the alleged conspiracy, have been excluded from evidence because no cautionary admonition was given the declarants prior to the taking of the statements, or because the reception of the statements in evidence constituted error under the rule of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)?

(3) Was the instruction given by the trial court with respect to reliance on the advice of accountants error?

(4) Was the evidence in support of the substantive counts of the indictment sufficient to sustain the verdict?

(5) Was the evidence in support of the conspiracy count sufficient to sustain the verdict?

■ We determine each of the claims of error adversely to appellant's contention. Two of the issues presented may be disposed of summarily. The issue encompassed in inquiry number 3 above, the propriety of the instruction relating to reliance on advice of accountants, was not properly preserved for our review. No objection was tendered at the appropriate time to the propriety of the giving of the instruction of which appellant now complains (TR, 2991, 3203), and a claim of error may not be appropriately considered now. Fed.R. Crim.P. 30; *United States v. Crum,* 529 F.2d 1380 (9th Cir. 1976). In any event, the instruction actually given was requested by appellant and not withdrawn. (TR, 2991).

The fifth issue, concerning the sufficiency of the evidence to support the verdict upon count 1 (conspiracy) is presented by appellant largely upon the theory that since the evidence presented in support of the substantive counts is insubstantial, so also therefore is that in support of the conspiracy. Since, as we shall explain, we believe that the evidence in support of the substantive counts is sufficiently substantial we need discuss that contention no further. Appellant, however, also urges that in order to sustain the conspiracy count the government must establish that some amount of tax was due. The government correctly points out that the point has been previously determined adversely to appellant's contention in *United States v. Fruehauf Corp.*, 577 F.2d 1038, 1071, 1072 (6th Cir. 1978). Appellant has further contended that an alleged overt act must be itself a criminal act. An overt act need not itself be a criminal act, as its only function is to demonstrate that the conspiracy is operative. *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). *United States v. Miller*, 491 F.2d 638 (5th Cir. 1974), *cert.* denied, 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186 (1974). There was ample evidence before the jury to link co-defendant Lang to the conspiracy.

We turn now to a discussion of the remaining issues before us.

(1) *Sufficiency of Counts 2 and 5 of the Indictment and/or Necessity for Bill of Particulars.*

The alleged insufficiency in the challenged counts 2 and 5 consists of their failure to allege amounts of omitted income or additional tax due. Appellant contends that the counts as drawn fail to charge a criminal offense and are not in compliance with Fed.R.Crim.P. 7(c) requiring that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The necessary elements of the offense defined in 26 U.S.C. § 7201 are (1) wilfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or an attempted evasion. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Sufficiency must be measured by determining whether the charging allegations contain the elements of the crime alleged and whether they sufficiently inform the defendant as to what he must be prepared to meet and whether the allegations present with sufficient clarity an issue sufficient to be raised in bar to a subsequent prosecution. *United States v. Miller*, 545 F.2d 1204 (9th Cir. 1976); *United States v. Grayson*, 416 F.2d 1073 (5th Cir. 1969).

Correctly stating that the charging allegations must contain each of the elements necessary to constitute the crime, appellant contends that a statement of the additional tax due is one of those elements, and that its absence from the instant counts renders them fatally inadequate. None of the cases cited by appellant,[1] impose a pleading requirement that the amount of additional tax due be numerically stated. We find no requirement of any specific numerical allegation with respect to tax deficiency, providing the foregoing necessary criteria are met. Count 2 of the indictment (of which count 5 is a substantial replica) alleges:

"On or about April 15, 1971, in the Southern District of California, defendant ROBERT G. BUCKNER, did knowingly and wilfully evade and defeat, and attempt to evade and defeat a substantial amount of tax due and owing by him to the United States during and for the calendar year 1970 by using fraudulent techniques, devices and falsified corporate records to conceal and hide personal income, and by signing and mailing and causing to be mailed on or about April 15, 1971, a false, fraudulent and perjurious United States Individual Income Tax Return, Form 1040, for the year 1970 which stated that there was a tax due and ow-

---

1. *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *United States v. Schenck*, 126 F.2d 702 (2nd Cir. 1942);

*Radford v. United States*, 290 F.2d 9 (9th Cir. 1961); *Heasley v. United States*, 218 F.2d 86 (8th Cir. 1955).

ing of $72,913 whereas, as the defendant then and there well knew, and believed, he was obligated to the United States for additional taxes due on thousands of dollars of concealed and unreported income."

■ The plain purport of the allegations of counts 2 and 5 is that defendant knowingly and wilfully sought to evade income taxes by the use of fraudulent devices including falsification of corporate records, resulting in many thousands of dollars of taxable but unreported income escaping tax scrutiny thus evading a substantial amount of tax. This in our opinion is quite sufficient notice of the charges confronting the defendant and is drawn with sufficient specificity to foreclose further prosecution upon the same facts.

■■ The request for bill of particulars was not improperly denied. Although apparently now disputed, the trial court found that the government provided full discovery to the defense. We accept that finding. Appellant contends principally that the government should have been required to disclose its theory of Subchapter S taxation for 1971. (Opening Brief, 28). Assuming, as we do, that all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed. *Rose v. United States,* 149 F.2d 755 (9th Cir. 1945).

The trial court having been satisfied that complete factual disclosure had been made, it was not an abuse of discretion to refuse a bill of particulars, cf. *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927).

### (2) Statements of Co-defendant—Bruton Rule.

Appellant complains of the admission in evidence of the overheard statements of co-defendants Lang and Teerlink, urging that insofar as the statements referred to appellant they deprived him of his right to confrontation and were inadmissible on that ground under the rule of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Appellant also contends that the failure to give the declarants

the cautionary admonition voluntarily adopted by the Internal Revenue Service (IR–897, IR–949) renders the statements inadmissible, and that in any event the statements were inadmissible because they were made by alleged co-conspirators at a time after the termination of the conspiracy.

■ The admission of the statements did not violate the appellant's right of confrontation. The court properly admonished the jury that the statement of each declarant was admitted only as to that particular declarant and against no one else. The nature of the content of the statements was not so powerfully incriminating as to render the court's admonition ineffective. *Bruton, supra.*

The declarations in question, insofar as they affect appellant, deal with matters conceded, such as personal purchases being carried on corporation's books, accounting methods utilized by the corporation, and matters surrounding appellant's need for a $300,000 loan. (TR, 2160–2183). They do not therefore tend powerfully to inculpate appellant, and if they do in any degree their prejudicial effect is rendered minimal by the quantity of other evidence on the same subject matters. Cf. *United States v. Mackey,* 571 F.2d 376 (7th Cir. 1978).

It is noted that the trial court took great pains to excise from the statements all material which might, in his opinion, transgress the *Bruton* rule (see TR, 2125, *et seq.*), finally permitting the government to offer those portions of the statements desired by it to be received as oral statements against the interest of the declarant. The court noted that counsel for appellant had no objection to the portions of the statement which the government desired, and the court permitted, to be offered. (TR, 2123, 2124).

[11] With respect to the other grounds urged, the statements were neither offered nor received as statements of co-conspirators and were not received against any defendant other than the particular declarant; the jury was so instructed. The self-imposed warning rule was not violated, since

at the time the statements were taken the declarants were not the subject of a criminal investigation, and the terms of the rule were not therefore transgressed.[2]  *5 Administration, CCH Int. Rev. Manual,* ¶ 242.-132, p. 28,776; *United States v. Sourapas,* 515 F.2d 295 (9th Cir. 1975).

Because we have found no transgression of the self imposed warning rule of the Internal Revenue Service, and because there is no *Miranda* problem inherent in this situation, *see, Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), we need not address the question of the standing of appellant to raise these questions.  .

(3) *Sufficiency of the Evidence to Support the Verdict on the Substantive Counts.*

■ Appellant contends that the trial court erred in determining that the corporation was an electing corporation under Subchapter S, thus providing a vehicle to the government to advance inconsistent theories of taxation.  He claims that by reason of the claimed error the government was able to avoid the necessity of treating the specific items of expenditure by the corporation in appellant's behalf as accountable in appellant's loan account, because in any event they would be taxable by the recapture of business losses and of the debit balance in his loan account by reason of Subchapter S taxation.  It is further claimed that appellant was not given the benefit of set offs and credits which if allowed would have given him a credit balance and no deficiencies for 1971 and that there is inadequate proof of deficiencies for 1970.  He also contends that there is insufficient proof of wilfulness.

The claim that the court made an erroneous determination of Subchapter S validity is based upon an instruction given by the court (TR, 3182) in which the characteristics of a Subchapter S corporation for purposes of taxation were described and which stated that the corporation in question was an electing corporation.  This is the only content of the record to which appellant refers to support his contention that the court made any determination of the question one way or another.  In fact, the giving of the instruction was not error, but was necessary because of the theory upon which the case was tried by both sides.  Moreover, the instruction was never objected to by anyone, and the issue of the validity of the election was never, in any guise, presented to the court for determination.

As part of his pretrial motion to dismiss, appellant urged that the government's theory of taxation, based in part upon the identity of the corporation as an electing corporation, was speculative and without support in law, and that the appellant was not adequately apprised of the nature of the crimes alleged against him.  (CT, 42–46).  By denying the motion to dismiss (CT, 109–110), the court ruled on the sufficiency of the indictment and not upon the validity of the Subchapter S election, the latter issue not having been squarely presented.

The trial court simply made no ruling, erroneous or otherwise, on the validity of the election because the issue was never presented to it, and cannot be presented to us now.

The case was tried on the assumption of a valid election by all parties.  The two expert witnesses, Mr. Breese for the government and Mr. Calkins for the appellant, each testified upon the assumption that the corporation was an existing Subchapter S entity.

Mr. Breese, whose full testimony is transcribed at pages 2469–2702 of the Reporter's Transcript, articulated the theory of the government's case.  Mr. Calkins, whose testimony is transcribed at pages 2833–2947, was called as an expert by appellant.  Each of these witnesses considered essentially the same evidence[3] and drew different inferences therefrom, and, in conse-

---

2.  The testimony of agent Wordell at TR, 2073, recounts that his interview with Teerlink was a witness interview.  Counsel for Lang did not assert the necessity of a warning.  (TR, 2102).

3.  Mr. Calkins conceded that one or two items considered by him in the formation of his expert opinion were not in the record.  (TR, 2890, 2939).

quence, expressed differing opinions. Mr. Calkins acknowledged, that given Mr. Breese's inferences, appellant's capital account was overdrawn, and in a negative position as of the close of 1971, and that because of that a significant taxable result ensued. (TR, 2930). In effect, he acknowledged that if one drew the inferences from the facts that Mr. Breese did, the latter's testimony was correct. Thus, the matter of deficiency became a matter of jural determination, and there was substantial evidence in the record to support the result reached by the jury.

Leaving aside the question of Subchapter S taxation, substantial deficiency was attributable to specific items as set forth in Exhibits 275, 276 and 277 which had no relationship to the corporation's status or lack thereof as an electing corporation. (TR, 2686). While expert opinion differed with respect to the presence or absence of specific item deficiency, we think there was sufficient evidence which, if believed, would adequately support the verdict.

Appellant finally raises the issue of the sufficiency of the evidence to support the element of wilfulness. He suggests that the government's theory is novel and sophisticated, and not within the ken of the ordinary layman, and suggests that because of the complexities the latter would not have requisite knowledge, much less wilful intent. We think that the government's theory with respect to which the special items were billed, together with the totality of the evidence with respect to the purported assumption of the $275,000 obligation and the facts surrounding the making and deposit of the $300,000 loan, if believed, would constitute an adequate quantum of evidence to support the verdict on the issue of wilfulness. The question is not one of a nice appreciation of the tax laws, but rather of intent. *United States v. Miller,* 545 F.2d 1204 (9th Cir. 1976).

We affirm the judgment.