UNITED STATES of America, Plaintiff,

v.

Joseph B. McCLELLAND, Defendant.

No. CR–R–83–16–ECR.

United States District Court,
D. Nevada.

Aug. 22, 1983.

---

Edward R.J. Kane, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff.

C. Frederick Pinkerton and Annabelle Whiting Hall, Reno, Nev., for defendant.

## ORDER

REED, District Judge.

Defendant has moved for a new trial, F.R.Cr.P. 33, and for acquittal, F.R.Cr.P. 29(c). The grounds for his motion shall be treated in the order in which he listed them, as follows:

1. *The Court erred in charging the jury that the government was not required to prove inducement as an element of the offense charged*—18 U.S.C. § 1951(b)(2) defines "extortion" to mean "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, *or* under color of official right." (Emphasis added.) The statute is in the disjunctive; where the defendant acted "under color of official right" it is not necessary for the Government to prove that the victim's consent was induced by actual or threatened force, violence or fear. *United States v. Jannotti,* 673 F.2d 578, 594–595 (3rd Cir.1982); *Unit-*

ed States v. Braasch, 505 F.2d 139, 151 (7th Cir.1974); *United States v. Margiotta,* 608 F.2d 108, 132 (2nd Cir.1982), app. pdg. These cases emphasize that the utilization of the power of public office to obtain consent by the victim is the gist of the offense of obtaining money (property) "under color of official right." There is every indication that the Ninth Circuit will agree that coercive inducement is not an essential element of the offense when the defendant acted "under color of official right." *See United States v. Gates,* 616 F.2d 1103, 1106 (9th Cir.1980); *United States v. Phillips,* 577 F.2d 495, 503 (9th Cir.1978).

▉ 2. *The Court erred in allowing the government to change its theory and thereby deny the Accused sufficient notice and due process of law*—As discussed above, the offense requires proof that the defendant obtained money with the consent of the victim by the defendant's utilization of the power of his public office. Where the prosecution is for extortion under color of official right, it is unnecessary to prove that the defendant induced the extortionate payment. *United States v. Jannotti, supra; United States v. Hedman,* 630 F.2d 1184, 1195 (7th Cir.1980). Therefore, the jury instructions were correct in not listing inducement as an essential element of the offense (Instruction No. 15) and in stating (in Instruction No. 21) that: "It is not necessary for the government to show that the defendant induced the extortionate payment."

The defendant emphasizes, however, that the Government's trial memorandum stated that an essential element of the offense is: "That the defendant induced, or attempted to induce his victim to part with property. . . ." It is argued by the defendant that he presented his case based on the belief that the prosecution had to prove that he induced the consent of FBI agent Rybar to payment of the money. In other words, the defendant apparently alleges that he was led to believe that he could not be convicted if the evidence showed that Mr. Rybar offered the payment as a bribe, in contrast to inducement initiated by the defendant.

The defendant says that it wasn't until the evidence had all been presented, and jury instructions were being settled by the Court, that he realized that the Government had changed its theory so as to make his bribery defense ineffectual.

▉ The Government answers that its trial memorandum was submitted solely to assist the Court in an orderly presentation of the case. As pointed out in the Court's Order Regarding Pretrial Procedure, filed March 30, 1983, it is optional with counsel for each party whether he wishes to submit a trial memorandum. It is designed to expedite the trial of the case by notifying the judge and the opposing party in advance of trial, what matters, both legal and evidentiary, will have to be resolved during the trial. Neither the Court nor the opposing party is bound by any mistaken notions contained in such a memorandum. The defendant herein could not justifiably rely on any misstatements contained in the Government's trial memorandum, including the listing of purported essential elements of the offense. The Government is not obliged to disclose the theory under which it will proceed. *United States v. Buckner,* 610 F.2d 570, 574 (9th Cir.1979).

The defendant may rely on the Indictment, however. It reads, in pertinent part:

"On or about March 28, 1981, in the District of Nevada, the defendant, JOSEPH B. McCLELLAND, did knowingly, wilfully and unlawfully attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of supplies, materials and articles in commerce, by extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in that the defendant, JOSEPH B. McCLELLAND, in his position as a member of the City Council, did obtain the sum of three thousand seven hundred fifty dollars ($3,750.00), in the form of a check payable to Associated Consultants, to which he was not entitled and which was not lawfully due him or his office, from and with the consent of Stephen J. Rybar on behalf

of the Trust, said consent having been induced under color of official right; *that is, in return for Stephen J. Rybar's payment of three thousand seven hundred fifty dollars ($3,750.00), the defendant, JOSEPH B. McCLELLAND, gave his assurance that he would use the power, authority and influence of his public office to vote for and approve the construction of a bank,* the operation of which bank would be dependent upon, affect, facilitate and increase the movement of supplies, materials, articles and services in commerce; all in violation of Title 18, United States Code, Section 1951." (Emphasis added.)

■ The italicized portion clearly advised the defendant of the nature of his activities that had caused his indictment. Any belief that the Government proving bribery, rather than extortion, would constitute a defense could not be premised on established law. The opinion in *United States v. Phillips,* 577 F.2d 495, 503 (9th Cir.1978) states:

"Both Phillips and Beasley argue that the district court erred in refusing to instruct the jury that if they were guilty of bribery, they could not be also guilty of extortion. However, appellants were indicted for extortion both by fear of economic loss and under color of official right. The circuits are unanimous in concluding that where official right is alleged, bribery and extortion are not mutually exclusive under the Hobbs Act."

Further, in *United States v. Gates,* 616 F.2d 1103, 1106 (9th Cir.1980), the Court mentions that it was not clear from the evidence whether the defendant or the victim initiated the conversations wherein it was agreed that the defendant, director of a county business license bureau, would use his public office to smooth the way for the defendant to operate without having to pay a certain tax. So long as the defendant invited this understanding, the Court held, he had committed the offense defined in 18 U.S.C. § 1951.

The Court finds Defendant's argument on this point unpersuasive.

■ 3. *The Court erred in sustaining objections to cross-examination of Stephen J. Rybar concerning his handling of government money*—The defendant wanted to interrogate Mr. Rybar further concerning his ability to finance the purchase of two houses at a time he had been a Government agent with access to Government money for use in conducting investigations. According to the defendant, such inquiry would bear on impeachment and credibility of Mr. Rybar as a witness.

The Court did permit Defendant's counsel to cross-examine Mr. Rybar so as to bring out that he had two homes in Las Vegas, that he left the FBI of his own volition, that there are no pending investigations of his activities while with the FBI, that he had participated in setting up the YOBO bank account in Las Vegas, and that he and certain other agents could make withdrawals from that account. The Court's sustaining of objections to further pursuit of these matters was grounded in F.R.E.Ev. 611(a), which permits the trial judge to exercise his discretion so as to avoid needless consumption of time and to protect witnesses from harassment.

4. *The Court erred in allowing into evidence remarks attributed to the Accused in an interview conducted May 3, 1982*—No points and authorities have been provided by Defendant in support of his position that this was error. The "remarks", which were made more than a year after the $3750 check was received by Defendant, were tantamount to a confession. The Court's reasons for allowing the same into evidence were expressed at a hearing on July 15, 1983, when it denied Defendant's motion to suppress evidence.

5. *The Court erred in refusing to transfer the trial to Las Vegas or approve jury waiver*—No points and authorities have been provided by Defendant as to this ground either. A motion to transfer the trial was denied on May 2, 1983, because no appropriate showing had been made for the granting of the motion. Nothing that occurred during the course of the trial indi-

cated that the refusal to transfer was erroneous or prejudicial to Defendant.

The Court refused to accept Defendant's attempted waiver of a jury trial because the Government refused to consent to such waiver. *See* F.R.Cr.P. 23(a).

Finally, Defendant contends that nothing he did could possibly have any effect on interstate commerce, since the bank which purportedly needed a zoning change never existed and the FBI never intended to bring it into existence. Lack of effect on interstate commerce constitutes a jurisdictional defect in the Indictment according to Defendant. The argument is answered in *United States v. Bagnariol,* 665 F.2d 877, 894 (9th Cir.1981), which held that the potential effects on interstate commerce contemplated in the plan itself were sufficient. "It is enough that the scheme, if successful, would have affected commerce." *Ibid. See also United States v. Everett,* 692 F.2d 596 (9th Cir.1982); *United States v. Brooklier,* 685 F.2d 1208 (9th Cir.1982).

IT IS, THEREFORE, HEREBY ORDERED that Defendant's Motion for New Trial and for Judgment of Acquittal be, and the same hereby is, DENIED.