## UNITED STATES of America

v.

## Reuben WALLS.

## Crim. No. CR–83–13–G.

United States District Court,
N.D. Georgia,
Gainesville Division.

Jan. 4, 1984.

Lark I. Tanksley, Asst. U.S. Atty., Atlanta, Ga., for Government.

Mark Kadish, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

■ On October 4, 1983, a grand jury returned an indictment which charged defendant Reuben Walls of conspiring with James Edward Walls "to defraud the United States of its right to have programs funded by the State and Local Fiscal Assistance Act ... administered honestly, fairly and without corruption and deceit." The indictment further alleged that the purpose of the conspiracy was to direct the funds from their intended purposes to the personal benefit of Reuben Walls and James Edward Walls. Of the ten overt acts alleged in the indictment, only two occurred within five years of the date of indictment. Generally, the date of the last overt act charged in the indictment controls whether a criminal prosecution has been timely commenced for purposes of the applicable statute of limitations. *See* 18 U.S.C. § 3282. In other words, since the indictment in this case was returned on October 4, 1983, the government had the burden of proving the conspiracy was still in existence on October 4, 1978 and that at least one overt act in furtherance of the conspiracy was performed after that date. *Grunewald v. United States*, 353 U.S. 391, 396, 77 S.Ct. 963, 969, 1 L.Ed.2d 931 (1956); *United States v. Davis*, 533 F.2d 921, 926 (5th Cir.1976).

■ For purposes of proving a conspiracy exists, the overt acts of one co-conspirator may be imputed to his partner in crime. *See United States v. Monaco*, 702 F.2d 860, 881 n. 38 (11th Cir.1983) (member of conspiracy liable for all foreseeable crimes committed in furtherance of the conspiracy); *United States v. Enstam*, 622 F.2d 857, 867 (5th Cir.1980) (only necessary for one co-conspirator to commit overt act); *United States v. Veltre*, 591 F.2d 347, 350 (5th Cir.1979) (once conspiracy shown, proof of single overt act done in furtherance of conspiracy establishes the guilt of each member). Since the reason for requiring proof of an overt act is to demonstrate that the conspiracy is operative, the overt act may be lawful or unlawful conduct. *United States v. Buckner*, 610 F.2d 570, 573 (9th Cir.1979); *United States v. Miller*, 491 F.2d 638, 644 (5th Cir.), *cert. denied*, 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186 (1974). Yet, a government agent who enters into a purported conspiracy in the secret role of an informer cannot be considered a co-conspirator for purposes of 18 U.S.C. § 371. *United States v. Martino*, 648 F.2d 367, 405 (5th Cir.1981); *United States v. Enstam*, 622 F.2d 857, 867 (5th Cir.1980); *Sears v. United States*, 343 F.2d 139, 142 (5th Cir.1965); *see also United States v. Tombrello*, 666 F.2d 485, 490 n. 3 (11th Cir.1982) (government agents cannot be considered true conspirators).

■ The indictment charged two overt acts occurring within the statute of limitations. While at the conception of the conspiracy James Edward Walls was not a government agent or informant, it is undisputed that he became a government informant prior to performing the two overt acts, which occurred within the statute of

limitations and were also alleged in the indictment. The issue presented for the court's decision is whether these acts may be imputed to defendant Reuben Walls.

The essential elements of a conspiracy include "an agreement between two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement." *United States v. Davis*, 533 F.2d 921, 926 (5th Cir.1976). *See United States v. Falcone*, 311 U.S. 205, 210, 61 S.Ct. 204, 206, 85 L.Ed. 128 (1940). While Reuben Walls and James Edward Walls may have agreed to combine their efforts for an unlawful purpose, this court must conclude that the two overt acts charged in the indictment and performed by James Edward Walls could not be imputed to defendant Reuben Walls. When James Edward Walls made the alleged pay-offs he was acting as a government agent and furthering the purposes of the government rather than the objectives of the conspiracy. As the Supreme Court decided over seventeen years ago, "the crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy." *Grunewald v. United States*, 353 U.S. at 397, 77 S.Ct. at 970. The purpose of the conspiracy at bar was to derive financial gain to both Reuben Walls and James Edward Walls from unlawful enterprises. When James Edward Walls became a government informant, however, the partnership in crime ceased. *See United States v. Chase*, 372 F.2d 453, 459 (5th Cir.1967). Accordingly, the government failed to seek a timely indictment for the conspiracy count.

■ In the alternative, the government argued that proof of overt acts, occurring within five years prior to indictment but not charged in the indictment, were sufficient to satisfy the applicable statute of limitations. When confronted with this precise question, the Fifth Circuit held,

"for purposes of the statute of limitations, the overt acts alleged in the indictment and proved at trial mark the duration of the conspiracy." *United States v. Davis*, 533 F.2d 921, 929 (5th Cir.1976). *See also United States v. Kelley*, 569 F.2d 928, 936 (5th Cir.1978) (overt act charged in the indictment must be committed by one of the co-conspirators). Therefore, the government's position on this issue is without merit.

For the above reasons, the court granted defendant Walls' motion for judgment of acquittal with respect to count one in the indictment.