749 P.2d 946

**STATE of Arizona, Appellee,**

v.

**Charles D. FELKINS, Appellant.**

**No. 1 CA–CR 9922.**

Court of Appeals of Arizona,
Division 1, Department C.

Feb. 2, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Allen B. Bickart, Phoenix, for appellant.

## OPINION

SHELLEY, Presiding Judge.

Appellant Charles Darrell Felkins (defendant) was charged by indictment in CR–149508 with attempted trafficking in stolen property and in CR–146830 with illegally conducting an enterprise, conspiracy to traffic in stolen property, and three counts of trafficking in stolen property. Pursuant to a plea agreement, Cause Nos. CR–149508 and CR–146830 were consolidated by the trial court. A plea agreement was entered in which defendant pled no contest to count # 2 of Cause No. CR–146830, to-wit: conspiracy to traffic in stolen property. The state agreed to dismiss CR–149508 and the remaining counts in CR–146830. There was no stipulated sentence, probation was available, and the county attorney agreed not to take a position as to sentencing. After a presentence hearing, the trial court imposed the presumptive sentence of five years and ordered defendant to pay

restitution in the amount of $10,000. The court denied defendant's subsequent motion to vacate judgment. Defendant timely appealed.

Defendant was a "body and paint" man working for Bechtel Corporation at the Palo Verde Nuclear Generating Station (Palo Verde). An informant, Johnny Paycheck, told the police that Felkins was trafficking in property stolen from Palo Verde. Paycheck introduced Maricopa County Attorney's investigator, Armando Contreras, to the defendant. Defendant showed Contreras his carport, which was full of new and used tools. He told Contreras how he had smuggled the items out of the plant. Contreras made property buys on October 12, 1984, October 19, 1984, October 25, 1984, and January 24, 1985. Of the items that defendant sold to Contreras, half of them had been listed as stolen by Arizona Public Service. Another twenty-five percent had not previously been listed as stolen but, according to Arizona Public Service records, should still have been at Palo Verde.

■■■ The issue raised on appeal is: can a defendant be guilty of conspiracy to traffic in stolen property if the other party to the conspiracy is a government agent?[1] Paycheck and Contreras were both government agents under the facts of this case. Defendant posits that he cannot be guilty of conspiracy under the facts, since government agents were the only other persons with whom he could have conspired. He asserts that in order to be guilty of conspiracy, there must be at least two parties, each of whom has the intent to commit the crime. Therefore, since the government agents did not have such an intent, he says that he cannot be guilty of conspiracy. If defendant's argument were correct, then there would be no factual basis for the plea, and it would not be knowing, intelligent and voluntary. *State v. Coleman*, 152 Ariz. 583, 733 P.2d 1166 (App.1987). The state urges that § 13–1006 sets forth the "unilateral" view of conspiracy allow-

ing conviction under the circumstances of this case.

A.R.S. § 13–1006 provides:

A. It is not a defense to a prosecution for solicitation, conspiracy or facilitation that a person solicited, facilitated or with whom the defendant conspired could not be guilty of committing the offense because:

1. Such person is, by definition of the offense, legally incapable in an individual capacity of committing the offense; or

2.' Such person is not criminally responsible ... or has an immunity to prosecution or conviction for the commission of the offense; or

3. Such person does not have the state of mind sufficient for the commission of the offense in question.

B. It is not a defense to a prosecution for solicitation or conspiracy that the defendant is, by definition of the offense, legally incapable in an individual capacity of committing the offense that is the object of the solicitation or conspiracy.

In denying defendant's motion to vacate judgment, the trial court cited *State v. Villarreal*, 136 Ariz. 485, 666 P.2d 1094 (App. 1983), and stated, "a person in Arizona can in fact be guilty of conspiracy even though his alleged co-conspirator was a government agent who was only feigning acquiescence in the conspiracy."

Defendant's contention that Arizona law does not sanction unilateral conspiracies is clearly incorrect in view of *Villarreal, supra,* and the applicable statute. In *Villarreal*, an owner of an automobile paint and body shop was contacted by the defendant, who told him he would sell the front-end parts of a car for an amount that was suspiciously low. The shop owner contacted the police, who asked him to play along with the defendant. The police gave the owner $500 to buy the car, and the owner tape-recorded his transaction with the defendant. The police thereafter arrested de-

---

1. Although defendant's opening brief also contains the statement that A.R.S. § 13–1006(B) is constitutionally infirm, defendant does not support this argument with authority (*see* Rule 31.- 13(c)(1)(iv), Arizona Rules of Criminal Procedure) and therefore it is deemed abandoned. *State v. Blodgette,* 121 Ariz. 392, 590 P.2d 931 (1979).

fendant. He was tried and convicted of conspiracy. The trial court granted defendant's motion for new trial on the conspiracy conviction on the ground that the instructions denied defendant a fair trial. Although the appellate court decision does not set out the instructions given, it held that the instructions were correct, with a footnote explaining that the conspiracy statute in Arizona (§ 13–1006) adopted the unilateral view of conspiracy and stated, "Thus a person can be convicted of conspiracy if the person with whom he conspired only feigned acquiescence in the plan." 136 Ariz. at 487, 666 P.2d at 1096.

The shop owner in *Villarreal,* while not a law enforcement officer, was certainly acting as a government agent, in concert with law enforcement officers. There was no intent on his part to commit the crime, just as here, Contreras and Paycheck had no actual intent to commit the crime.

■ A.R.S. § 13–1006(A)(3) specifically provides that it is no defense that the other person does not have the state of mind sufficient for the commission of the offense. This applies to undercover policemen, informants, or other government agents. The statute is clear and unambiguous and we will not construe a statute such as to defeat its plain meaning. *E.g., Wasserman v. Low,* 143 Ariz. 4, 691 P.2d 716 (App.1984).

We agree with an article written near the time the "new" Arizona Criminal Code was adopted in 1978. It stated:

A significant departure from present law appears in the conspiracy provisions of Section 13–603. Unlike present law, the new code allows prosecution of the so-called "one man" conspiracy. Because Section 13–606 [renumbered as § 13–1006] eliminates the defense that the co-conspirator lacked the requisite state of mind (therefore no conspiratorial agreement), the code imposes conspiracy liability on one who conspires with an undercover police officer, a decoy, an immature or even an insane person. Again, the focus is on the intent of the defendant to commit a crime.

R. DeGraw, S. Twist, R. Gerber, *"The New Arizona Criminal Code,"* Arizona Bar Journal, August 1977, p. 212.

Defendant's citations to federal cases which accept the bilateral concept of conspiracy are unpersuasive. Those cases apparently deal with the general definition of conspiracy. Arizona has its own statutory definition of conspiracy, therefore the federal cases are inapposite. It is not our role to enter an academic debate as to whether the law of conspiracy is best reflected by a bilateral or unilateral theory. Our legislature has clearly mandated that we employ the unilateral approach. *Villarreal, supra,* has recognized and applied this mandate.

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none. For the above reasons, the conviction and sentence are affirmed.

KLEINSCHMIDT and GRANT, JJ., concur.