951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carol D. LANDI, Defendant-Appellant.
 No. 89-10000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1991.*
Decided Dec. 24, 1991.
 
 Before GOODWIN, SKOPIL and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol D. Landi appeals from a judgment of conviction for conspiring to defraud the United States in violation of 18 U.S.C. § 371 (1988). She contends that her conviction should be reversed because the district court refused to order the prosecution to produce certain documents pertaining to her co-defendants' tax status. We conclude that there was no error, and we affirm.
 
 DISCUSSION
 
 3
 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). A violation of Brady requires reversal " 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 4
 Here, Landi sought to obtain her co-defendants' National Computer Center transcripts. Such transcripts, which detail an individual's tax status, have been found to be relevant to a defendant's guilt or innocence. See United States v. Buford, 889 F.2d 1406, 1408 (5th Cir.1989). Landi contends that the transcripts were relevant to her defense because they would show that her co-defendants owed no taxes and thus the government was not defrauded of any money. The government, however, does not have to establish that taxes were owed to sustain a conspiracy conviction under section 371. United States v. Buckner, 610 F.2d 570, 573 (9th Cir.1979), cert. denied, 445 U.S. 961 (1980).
 
 
 5
 Landi alternatively argues that the transcripts were material because they would show that she acted pursuant to a power of attorney authorized by her co-defendants. Landi admitted at trial, however, that she had never filed a power of attorney with the IRS. Thus, her alleged power of attorney was not valid. See 26 C.F.R. § 601.502-503 (1991).
 
 
 6
 Because Landi has failed to show that the transcripts contained evidence that would have produced a different outcome at her trial, we find no Brady violation. See Ritchie, 480 U.S. at 57. For a similar reason, we reject her contention that the transcripts were discoverable under Federal Rule of Criminal Procedure 16(a)(1)(C). "To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality ... [by presenting] facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990) (internal citations omitted). Landi failed to show that the information sought would have been material to her defense. On that same ground, we also reject Landi's contention that the transcripts should have been disclosed as co-conspirator statements.
 
 
 7
 Finally, Landi contends that the district court erred in not conducting an in camera review of the transcripts. Landi did not, however, request the district court to conduct such a review, and accordingly we will not consider the issue for the first time on appeal. See Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570 (9th Cir.1987) ("Generally, a party must present his contention to the district court to preserve it for appeal."); see also Curran v. Dept. of Justice, 813 F.2d 473, 477 (1st Cir.1987) (argument that district court should have conducted in camera inspection rejected because the issue was not raised below).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3