935 P.2d 850

**STATE of Arizona, Appellant,**

v.

**Howard CHAN and Mary Louise Wong, Appellees.**

No. 1 CA–CR 95–0747.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 10, 1996.

Review Denied April 29, 1997.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Appellant.

Streich Lang by Booker T. Evans and Michael R. Hall, Las Vegas, for Appellee Chan.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for Appellee Wong.

## OPINION

KLEINSCHMIDT, Judge.

The State of Arizona appeals the dismissal of an indictment against Howard Chan and Mary Wong, who were charged with conspiracy to commit theft and attempted trafficking in stolen property. The trial judge found that the court lacked jurisdiction to hear the case because the Defendants were never in Arizona. The court found that the acts which were committed in Arizona by the co-conspirator, David Cho, could not be imputed to the Defendants because Cho was an agent of the police. We find that Cho's acts can be imputed to the Defendants, and this subjects the Defendants to prosecution in Arizona. We reverse and remand for trial.

This case arises from an investigation by the Chandler Police Department into the theft of computer chips from the Intel Corporation in Arizona. Detectives learned that a man named David Cho was interested in purchasing stolen chips. Posing as corrupt Intel employees, on two occasions they sold Cho what they told him were stolen chips. The detectives arrested Cho after the second sale, and Cho subsequently agreed to work with the detectives in apprehending "bigger fish" who trafficked in stolen chips.

The Defendants lived in California. Cho, while he was in California, telephoned Wong and told her that he had computer chips for sale. Wong inferred from the low price that the chips were stolen. Wong said that she and Howard Chan would buy some chips and she asked Cho when he was going to get some. Wong also said she could get the necessary money by "Monday" if Cho would have the chips by that time. Cho suggested that the transaction take place in Arizona, but the Defendants declined. Cho then arranged for the sale to take place in Laughlin, Nevada.

The police took some computer chips to Bullhead City, Arizona, across the Colorado River from Laughlin. Cho met with the Defendants in Laughlin. They gave him $126,000 in cash and let him drive their car to Bullhead City for the purpose of picking up the chips. The Chandler police took the cash and placed 500 computer chips in the Defendants' car. Cho then returned the car, with the computer chips in the trunk, to the Defendants at a hotel in Laughlin. The Defendants were arrested in their car in the hotel parking lot.

Chan filed a motion to dismiss the indictment in which Wong joined. They argued that Arizona had no jurisdiction over the offenses because they never entered Arizona and because neither they, nor anyone for whom they were legally accountable, committed any crime or act in furtherance of a crime in Arizona. They argued that under Arizona Revised Statutes Annotated ("A.R.S.") section 13–108, the State lacked jurisdiction to prosecute them. That statute provides:

A. This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

1. Conduct constituting any element of the offense or a result of such conduct occurs within this state; or

2. The conduct outside this state constitutes an attempt or conspiracy to commit an offense within this state and an act in furtherance of the attempt or conspiracy occurs within this state; ....

The trial court found a lack of jurisdiction, saying:

Criminal jurisdiction of Arizona State Courts is governed by A.R.S. § 13–108. It is conceded by the State that neither Howard Chan nor Mary Wong were ever in the State of Arizona. They may still be prosecuted in the State of Arizona if there were any evidence to indicate that they conspired with others to commit offenses in the State of Arizona, or committed acts in furtherance of a conspiracy in Arizona. There is no evidence that either Defendant Chan or Defendant Wong participated in

274

or planned in advance a conspiracy with David Cho prior to 7/27/95 [sic]. After that date, Cho was acting as a police agent and thus, cannot be a co-conspirator with the Defendants. The acts which Cho committed in furtherance of the alleged conspiracy after 7/27/95 [sic] were not illegal acts. There were no thefts or transfers of any stolen CPUs. None of the actions outside of Arizona by Defendant Chan or Defendant Wong caused crimes to occur in the State of Arizona.

Relying on our decision in *State v. Miller*, 157 Ariz. 129, 755 P.2d 434 (App.1988), the trial court dismissed the indictments against the Defendants.

### THE TRIAL COURT HAS JURISDICTION OVER THE CONSPIRACY CHARGE PURSUANT TO A.R.S. SECTION 13–108(A)(2)

■ A person commits theft if he "knowingly ... [c]ontrols property of another knowing or having reason to know that the property was stolen." A.R.S. § 13–1802(A)(5). A person is guilty of conspiracy if he "agrees with one or more persons that at least one of them or another person will engage in conduct constituting the offense and one of the parties commits an overt act in furtherance of the offense...." A.R.S. § 13–1003(A). For Arizona to have jurisdiction, an overt act must be committed within the state. A.R.S. § 13–108(A)(2). A person may be guilty of conspiracy even if the other person in the plot is a police agent who has no real intention of committing a criminal act. *State v. Felkins*, 156 Ariz. 37, 749 P.2d 946 (App.1988).

■ The State, relying on *Felkins*, contends that Cho's actions committed in Arizona can be imputed to the Defendants, thereby giving Arizona jurisdiction in this case. *Felkins*, however, involved no question of jurisdiction. Moreover, in that case the state did not have to rely on the government agent's overt acts to support the conspiracy charge because the defendant also committed overt acts in furtherance of the conspiracy. *Id.* at 38, 749 P.2d at 947. Because Cho was the only party to commit overt acts in Ari-

zona, we must decide whether *Felkins* extends to situations like this one.

■ Generally, the acts of a co-conspirator are attributable to all members of a conspiracy. *State v. Olea*, 139 Ariz. 280, 678 P.2d 465 (App.1983). The recognition of a unilateral theory of conspiracy should not mean that a police informant who only feigns participation in a crime ceases to serve the role of a co-conspirator in every respect. After all, the other parties to the conspiracy remain committed to the commission of the crime and, in most instances, are encouraging the informant to do the very acts that they believe will further the success of the scheme. In our opinion, such an informant's acts may be imputed to the other conspirators. If the informant commits an overt act in Arizona in purported furtherance of the conspiracy, that act is a sufficient nexus to this state to confer jurisdiction of the offense on this state.

Several cases from other jurisdictions support this conclusion. *See Vaden v. State*, 768 P.2d 1102 (Alaska), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3162, 104 L.Ed.2d 1025 (1989) (undercover agent's commission of a crime for which agent has a defense of justification supports verdict of guilt as accomplice against defendant); *State v. Pacheco*, 70 Wash.App. 27, 851 P.2d 734 (1993) (undercover agent who manufactured drug without criminal intent nonetheless "committed the crime" for purpose of defendant's accomplice liability to crime of delivery of controlled substance); *see also State v. Adams*, 462 S.E.2d 308 (S.C.App.1995) (evidence of purchase of cocaine by co-defendant who turned informant after conspiracy began admissible to prove conspiracy despite claim that co-defendant's acts after turning informant could not be imputed to defendant). Cases which reach a contrary conclusion do not reckon with a statute like A.R.S. section 13–1006 which precludes the defense that the person whom the defendant abetted could not be guilty of the crime. *See United States v. Walls*, 577 F.Supp. 772 (N.D.Ga.1984); *Tate v. State*, 793 S.W.2d 760 (Tex.App.1990).

We do acknowledge that a rule which imputes the actions of an informant to the other conspirators can be problematical because it

may sometimes place in the hands of the police agent the exclusive power to complete the crime. This enhances the danger of entrapment and/or the danger of a denial of due process which occurs when the government is involved to an intolerable degree in actual criminal or other outrageous conduct. *See* Thomas Hagen, *Preparatory, Homicide and Assault Crimes of Arizona's New Criminal Code: Some Potential Issues,* 20 Ariz. L.Rev. 643, 651–56 (1978); *State v. Hohensee,* 650 S.W.2d 268 (Mo.App.1982). As a prefatory matter, we note that the case before us does not appear to present a particular danger of either entrapment or a denial of due process through outrageous governmental conduct. There is some evidence of a predisposition on the part of the Defendants to commit the crime, and indeed the Defendants themselves, in traveling to Nevada to take delivery of the chips, engaged in overt acts in furtherance of the conspiracy, albeit not in Arizona. These observations aside, while the problematical factors Hagen discusses may give rise to a complete defense in particular cases, we do not believe that such a possibility should defeat the jurisdiction of this state over crimes like this one.

The Defendants contend that our decision in *Miller,* 157 Ariz. 129, 755 P.2d 434, is directly on point and supports the trial judge's dismissal. In *Miller,* two individuals stole several diamond rings from a J.C. Penney store in Flagstaff, Arizona. They travelled to Durango, Colorado, where they met the defendant for the first time. They told the defendant about the stolen rings, and the defendant agreed to help dispose of the rings in Las Vegas, Nevada. The defendant was subsequently arrested, extradited to Arizona, and charged with theft. The state argued that Arizona had jurisdiction because the defendant was a conspirator to a crime in Arizona. *Id.* at 130, 755 P.2d at 435. We held that Arizona did not have jurisdiction because the theft was complete before the defendant even learned about the stolen diamonds. We stated, "[I]t cannot be said that his agreement to possess and sell the jewelry was pre-planned as a part of a crime to be committed in Arizona." *Id.* at 135, 755 P.2d at 440. We then discussed the case of *United States v. Columba–Colella,* 604 F.2d 356

(5th Cir.1979), in which the defendant, who resided in Mexico, bought a car in Mexico which he knew had been stolen in the United States. His conviction in the United States for receiving a stolen motor vehicle was overturned for lack of jurisdiction. In so ruling, the United States Court of Appeals for the Fifth Circuit relied heavily on the fact that the car was stolen and in Mexico before the defendant had anything to do with it. But for that fact, the courts of the United States would have had jurisdiction over the crime.

Here, the Defendants, believing that Cho was committing theft by possessing computer chips in Arizona that had been stolen, and knowing that the chips would be transported out of the state, traveled to the border of Arizona to receive them. Once there, they gave their co-conspirator their car to enter Arizona to get the chips and transport them out of state. Thus, they engaged in conduct outside Arizona which constituted a conspiracy to commit an offense within Arizona and an act in furtherance of that conspiracy occurred within this state. This meets the requirements of A.R.S. section 13–108(A)(2).

### THE TRIAL COURT HAS JURISDICTION OVER THE ATTEMPTED TRAFFICKING CHARGE PURSUANT TO A.R.S. SECTION 13–108(A)(1)

The State contends that Arizona also has jurisdiction over the attempted trafficking charge pursuant to section 13–108(A)(1), among other subsections. Subsection (1) provides:

A. This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

1. Conduct constituting any element of the offense or a result of such conduct occurs within this state....

A.R.S. § 13–108(A)(1).

A person is guilty of trafficking in stolen property if he "knowingly initiates, organizes, plans, finances, directs, manages or supervises the theft and trafficking in the property of another that has been stolen...." A.R.S. § 13–2307(B). Because we have concluded that Cho's actions in Arizona can be imputed

to the Defendants, we find that the State presented sufficient evidence of the Defendants' overt acts in Arizona constituting elements of trafficking in stolen property. Cho drove into Arizona with the Defendants' money and car and participated in the actual "sale" in Arizona. This was sufficient to give Arizona jurisdiction over the attempted trafficking charge.

We reverse the trial judge's order dismissing the indictments with orders to reinstate the indictments against the Defendants.

SULT, P.J., and GERBER, J., concur.