574 P.2d 491

**STATE of Arizona, Appellee,**

v.

**Paul Joseph NORMAN, aka Richard Sullivan, Appellant.**

**No. 1 CA–CR 2544.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 19, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward C. Voss, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

The appellant Paul Norman was convicted upon his guilty plea of murder in the second degree. The victim of the murder was his wife. Appellant contends on appeal that he was not adequately advised of the nature of the offense to which he was pleading and that his plea was therefore not voluntarily and intelligently entered. Reliance is placed upon *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

Appellant's plea was offered pursuant to a written plea agreement. It was amended to provide for a plea of guilty rather than a plea of no contest. While appellant made no protestation of innocence at the change of plea hearing, he did not explicitly admit intentionally killing his wife, and the plea was offered in like manner to the plea in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellant acknowledged that he was entering a plea to second degree murder because in view of the evidence which the state had to present against him, he was afraid that a trial might result in a conviction for first degree murder.

In such cases, a guilty plea is sustained if there is strong evidence of guilt. *See State v. King*, 116 Ariz. 353, 569 P.2d 295 (App. 1977), and authorities cited. In the present case a recitation of the evidence by the prosecutor, concurred in by defense counsel, established the factual basis for the plea. This, the grand jury transcript and the record as expanded prior to the hearing in respect to sentencing [1] show that the victim was strangled on or about April 20, 1976. It appears that appellant and the victim had had a somewhat stormy marriage. In his statement to the probation officer which was incorporated into the presentence report, appellant admitted a physical altercation with his wife after the two had consumed alcohol, but he denied strangling her to death. According to appellant's version, when he realized the next morning that she was dead, he cut off her hair and later fired three shotgun blasts into her to prevent her identification. He then abandoned her body in a remote desert area. Appellant was not apprehended until well over a month later, in Montana, where he was using an alias.

The Maricopa County Medical Examiner reported that appellant's wife had been strangled "vigorously". The evidence tending to show guilt was strong and appellant's

1. The record which has been brought before the Court does not include a reporter's transcript of this hearing. We must therefore assume that nothing that was developed at the hearing would materially alter the record which has been brought before us.

plea is clearly sustainable under the guidelines developed for reviewing *Alford* pleas.

 Appellant's specific contention is that he was not advised on the record at the change of plea hearing of the intent (malice) element of the crime, that is, that a conviction for second degree murder requires as an element the intentional killing of a human being without legal justification or excuse. *See State v. Hudson*, 85 Ariz. 77, 331 P.2d 1092 (1958). Appellant's reliance upon *Henderson v. Morgan, supra* in this regard is misplaced. In the absence of special circumstances such as those which existed in *Henderson v. Morgan*, there is no requirement that the trial judge recite to an accused the elements of the offense to which he is pleading. *See e. g. State v. Henry*, 114 Ariz. 494, 562 P.2d 374 (1977) and *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (1977). The accused in *Henderson v. Morgan* was of such abnormally low intelligence as to be classifiable as mentally retarded. The report of a psychiatrist in the present case states as follows:

> "He [appellant] gave frank and open and complete answers to all of my questions. He expresses himself intelligently with good use of the English language. He is well able to form concrete and abstract concepts, has good general knowledge of current events, and has an adequate general education."

It is clear that *Henderson v. Morgan* is inapposite. Every indication in the record before us points to the conclusion that this counseled plea was a voluntary and intelligent one.

Appellee's brief contains an incisive analysis of *Henderson v. Morgan*. It points out that *Henderson v. Morgan* was decided by the United States Supreme Court after a federal district judge had expressly found that the accused was not aware of the intent element of the crime. There is no such finding here, nor is there an assertion either in the trial court or in this Court that appellant was not actually aware of the intent element of the crime.

In 1971 our Supreme Court announced a rule by which *"Boykin* error" [2] will be considered on appeal without requiring that the defendant first apply to the trial court to set aside the plea. *State v. Sullivan*, 107 Ariz. 98, 482 P.2d 861 (1971). This rule has been adhered to notwithstanding the lack of opportunity for the trial court to consider in the first instance the asserted error and the cumbersome process of remand which may be necessary between initial and final appellate disposition. It bears observing, however, in view of the number of appeals presented to this Court which are based upon *Henderson v. Morgan*, that a serious contention based upon that case will seldom if ever be appropriately the subject of a direct appeal because, as indicated above, such contention to be effective must be grounded upon special circumstances which will rarely be contained in the unsupplemented record.

The judgment and sentence of the trial court are affirmed.

FROEB, C. J., and NELSON, J., concur.

---

2. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).