589 P.2d 914

**STATE of Arizona, Respondent,**

v.

**Rupert GAFFNEY, Petitioner.**

**No. 1 CA–CR 3253–PR.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 11, 1979.

Charles F. Hyder, Maricopa County Atty., by G. Wayne Stewart, Deputy County Atty., Phoenix, for respondent.

Brice E. Buehler, Phoenix, for petitioner.

## OPINION

DONOFRIO, Judge.

Petitioner seeks review of the action of the trial court in summarily denying his second petition for post-conviction relief under 17 A.R.S., Rules of Criminal Procedure, rule 32.

Petitioner was convicted of robbery pursuant to his plea of guilty, and was sentenced to 5 to 10 years imprisonment, which was made consecutive to other sentences. He did not appeal from his conviction or sentence, but he did file a previous petition for post-conviction relief under Rule 32, in which proceeding the trial court's denial of relief was upheld by this Court in its memorandum decision in *State v. Gaffney*, 1 CA–

CR 1460–PR and 1393–PR (Consolidated) filed April 16, 1976.

The grounds for the present petition are in essence that petitioner was not guilty of the robbery to which he pleaded guilty, and that his trial attorney had advised him that his sentence on the robbery conviction would be made concurrent with his other sentences and not consecutive thereto. These grounds, if they existed, were obviously known to petitioner and his counsel at the time of petitioner's sentencing and during his permissible appeal period, as well as at the time of his first petition for post-conviction relief, yet they were not raised in either proceeding. The trial court found that petitioner was precluded from raising these new issues because of his first petition, by Rule 32.2, which provides in part as follows:

"Rule 32.2 Preclusion of remedy

a. Preclusion. A petitioner will not be given relief under this rule based upon any ground:

\*    \*    \*    \*    \*    \*

(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.

\*    \*    \*    \*    \*    \*

c. Inference of Waiver. The court may infer from the petitioner's failure to appeal or to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so."

The trial court therefore denied any relief, and petitioner then filed a motion for rehearing, which was denied, and a "Notice of Appeal", which we will treat as a mis-labeled Petition for Review.

We agree with the trial court in its holding that petitioner is precluded by these rules from raising these grounds as a basis for review at this time, having failed to assert them in his previous Rule 32 petition,

in connection with which he was represented by counsel.

In addition, Rule 32.10, Rules of Criminal Procedure, prevents petitioner's asserting these grounds, as there is no showing whatsoever of any reason for omitting to raise them previously. That rule provides as follows:

"Rule 32.10 Waiver

Any grounds for post-conviction relief which have been litigated in the proceedings leading to the judgment of conviction shall not be relitigated in these proceedings. All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. *Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds there was reasonable ground for omitting the matter in the original petition or hearing.* Any matters raised by appeal or other proceedings such as *habeas corpus* which have been finally disposed of on the merits may not form a basis for relief in this proceeding." (Emphasis Supplied)

There is absolutely no basis for finding any reasonable ground for omitting these matters previously, as by their nature they had to be known to petitioner at the time of sentencing had they been true. In addition, the plea agreement and transcript of hearing on his change of plea show that they are completely without substance on the merits, and instead are nothing but afterthoughts by petitioner.

The trial court's denial of relief is therefore affirmed.

SCHROEDER, JACOBSON, JJ., concurring.