609 P.2d 1095

**STATE of Arizona, Respondent,**

v.

**Ivory Lee GRANT, Petitioner.**

**No. 1 CA-CR 4270-PR.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 3, 1980.

Charles F. Hyder, Maricopa County Atty. by Peter C. Reinstein, Deputy County Atty., Phoenix, for respondent.

Schwartz & Susman, P. A. by Alan H. Susman, Phoenix, for petitioner.

## OPINION

JACOBSON, Judge.

Petitioner, Ivory Lee Grant, pled guilty to fraudulent scheme or artifice in violation of former A.R.S. § 13–320.01.[1] As agreed in the written plea agreement, he was sentenced to a term of two to five years' imprisonment without credit for presentence jail time.

On January 9, 1979 petitioner filed a "motion for jail time credit" requesting that he be given credit for his presentence jail time citing Rule 17.4(d), Arizona Rules of Criminal Procedure, as authority for his argument that the trial court was not bound by the terms of the plea agreement as to sentencing. He also cited case law in support of his argument that he had an absolute right to credit for presentence jail time. By order dated January 9, 1979 this motion was denied. On March 12, 1979 a petition for post-conviction relief was filed pursuant to Rule 32.1 *et seq.*, Arizona Rules of Criminal Procedure. An amended petition filed on May 11, 1979 by petitioner's attorneys asserted that petitioner's plea was not knowingly entered into as he was under the impression that he could be given credit for jail time by the trial judge even though the plea agreement provided otherwise. He alleged that this misunderstanding was the result of statements made to him by his previous attorney and that he relied upon these statements in entering the plea. The state's response to the amended petition refers to the plea agreement and its unqualified statement that petitioner would not be given credit for presentence jail time.

By order dated June 19, 1979, the trial court ruled that petitioner was precluded from raising these issues under Rule 32.-2(a)(1). The trial court's ruling stated that preclusion was applicable because the matter had previously been ruled upon in the "motion for jail time credit," and that petitioner had filed a notice of appeal from that ruling. From our review of the record and this court's own criminal docket, it does not appear that petitioner has appealed from the January 9, 1979 denial of his "motion for jail time credit." Nevertheless, we do not believe that this factual error demands that the case be remanded. Rule 32.10 provides:

> Any grounds for post-conviction relief which have been litigated in the proceedings leading to the judgment of conviction shall not be re-litigated in these proceedings. All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds there was reasonable ground for omitting the matter in the original petition or hearing. *Any matters raised by appeal or other proceedings such as*

---

1. Transferred, renumbered as A.R.S. § 13–2310, and amended by revised Criminal Code effective October 1, 1978.

*habeas corpus which have finally been disposed of on the merits may not form a basis for relief in this proceeding.* (Emphasis added.)

The petitioner's previous "motion for jail time credit" presented the same issues now raised in his petition for post-conviction relief. The order of January 9, 1979 denying the motion has become final. Under Rule 32.10, the matter may not be relitigated. *Cf., State v. Gaffney,* 121 Ariz. 271, 589 P.2d 914 (App.1979).

For the reasons stated, relief is denied.

CONTRERAS, P. J., and OGG, C. J., concur.