634 P.2d 387

**STATE of Arizona, Appellee,**

v.

**James Harold ROGOWSKI, Appellant.**

No. 5240.

Supreme Court of Arizona,
In Banc.

Sept. 23, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Robert M. Hall, Holbrook, for appellant.

CAMERON, Justice.

Defendant appeals from his convictions and sentences following the entry of guilty pleas to four counts of third degree burglary, A.R.S. § 13–1506; three counts of felony theft, A.R.S. § 13–1802; one count of misdemeanor theft, A.R.S. § 13–1802; and one count of trafficking in stolen property, A.R.S. § 13–2307. We assumed jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must decide three questions:

1. Was the sentence as to trafficking in stolen property double punishment?
2. Were the pleas of guilty intelligently and voluntarily made, and was there a factual basis for the guilty pleas?
3. Did the trial court err in sentencing the defendant to prison terms for seven counts and probation for the remaining two counts, the sentences to be served concurrently?

In January of 1979, three shops in the Shanty Town Shopping Mall in Showlow, Arizona, were burglarized and property was taken. The following April, the Tawa Indian Jewelry Store, also in Showlow, was burglarized and property valued in excess of $40,000, including Indian rugs, kachina dolls and Indian jewelry was stolen. On 11 August 1979, the owners of the Tawa store observed the defendant selling their stolen items at the Tanque Verde Swap Meet in Tucson, Arizona.

The defendant was arrested and after signing a waiver of *Miranda* rights, was questioned by the police. He admitted that he broke into the Shanty Town shops and the Tawa store and removed merchandise which he loaded into his truck. He then transported the stolen items to Tucson where he sold them.

On 20 August 1979, the defendant was indicted on all of the charges listed above except trafficking in stolen property. On 10 January 1980, pursuant to a plea agreement, the defendant pled guilty to eight counts of theft and burglary and an additional count of trafficking in stolen property. One of the inducements for the plea agreement appears to have been the promise that all sentences would be served concurrently and not consecutively. He was sentenced to prison terms of two years for each burglary count, five years for each of the two theft counts, and six months jail time for misdemeanor theft. On the remaining theft count, the defendant received five years probation, and on the trafficking in stolen property count, seven years probation, all sentences to be served concurrently.

## DOUBLE CONVICTIONS AND PUNISHMENT

The charge of trafficking in stolen property first appears in the plea agreement, though without citation to any criminal statute. There appears to be, however, only one crime of trafficking in stolen property, A.R.S. § 13–2307, and there is no indication that defendant was misled as to the crime to which he pled guilty. It is not necessary that the statement of the crime

cite the statute, only that the defendant be adequately apprised of the offense. *State ex rel Purcell v. Superior Court*, 111 Ariz. 418, 531 P.2d 541 (1975).

Defendant contends, however, that he was subjected to double convictions and double punishments because the elements of count nine, trafficking in stolen property, are part of the element of the other crimes to which he also pled guilty. We do not agree.

■ A.R.S. § 13–116 (previously § 13–1641) bars double punishment for "an act or omission which is made punishable in different ways by different sections of the laws * * *." The provision also bars double convictions for one act or offense. *State v. Castro*, 27 Ariz.App. 323, 554 P.2d 919 (1976).

■ The "identical elements" test is utilized to determine whether a defendant committed only one act for which only one punishment can be imposed or whether the defendant's conduct consisted of separate acts for which separate punishments are possible. *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1972). The test is applied by eliminating the elements of one charge and then determining whether the remaining facts support the additional charges. *State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980); *State v. Tinghitella*, supra.

■ In the instant case, the defendant was convicted of third degree burglary, theft, and trafficking in stolen property. The elements of third degree burglary are entering a non-residential structure with the intent to commit any theft or felony therein. A.R.S. § 13–1506(A). Theft is committed when a person unlawfully controls the property of another with the intent to deprive another of such property. A.R.S. § 13–1802(A). Trafficking in stolen property is selling stolen property of another or obtaining stolen property with the intent to sell it to another person. A.R.S. § 13–2301(B)(3) and § 13–2307(B). After eliminating the elements of the burglaries and the thefts, the elements of trafficking remain. In fact, in the instant case, the

crimes of burglary and theft had all been completed before the crime of trafficking had commenced. The double punishment statute does not apply. We find no error.

## VALIDITY OF THE PLEAS

■ Because guilty pleas directly result in convictions, the court must determine that the pleas are entered voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The court must also establish that there is a factual basis for the offenses to which the defendant is entering the pleas. *State v. Smith*, 123 Ariz. 231, 599 P.2d 187 (1979); Rule 17.3, Rules of Criminal Procedure, 17 A.R.S.

Defendant asserts that the trial court did not establish that the pleas were voluntary and intelligent because the court did not ascertain whether the defendant knew the individual elements of each crime for which he was charged, and that the court did not find that there was a factual basis for the pleas.

■ We have held that except for special circumstances, see *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the court need not explain the elements of the offense to a person pleading guilty to a crime. *State v. Norman*, 118 Ariz. 23, 574 P.2d 491 (App.1978). In the instant case, the record indicates that the defendant understood the nature and extent of the crimes to which he was pleading guilty, and nothing in the record indicates that the pleas were other than intelligent and voluntary. As to the factual basis for the pleas, this may be determined from the record, including presentence reports, preliminary hearing transcripts, admissions of the defendant and other sources. *State v. Freda*, 121 Ariz. 430, 590 P.2d 1376 (1979).

■ In the instant case, the transcripts of the grand jury and defendant's statements after arrest were before the court. Also, defendant's statements to the court indicated not only defendant's guilt, but the defendant's knowledge of the crimes to which he was pleading:

"THE COURT: Now, you've entered into a plea agreement, where you have agreed to enter pleas of guilty to the charges that I've indicated, and you're already specified, is that right?

"MR. ROGOWSKI: Yes.

"THE COURT: All right. Mr. Abbey, you have informed me that he doesn't admit personally the facts.

"MR. ABBEY: That's correct, Your Honor, as to the first degree burglary and theft counts, Mr. Rogowski does not admit the commission of those offenses. However, it is our feeling that the evidence would lead to a conviction, and we feel that it is in his best interest to plead guilty to those counts, as to the trafficking in stolen goods.

Mr. Rogowski admitted those offenses, and elements that go into it.

"MR. ROGOWSKI: Yes.

"THE COURT: What did you do?

"MR. ROGOWSKI: Oh, I took the stolen goods down to Tucson.

"THE COURT: You knew they were stolen?

"MR. ROGOWSKI: Yes.

"THE COURT: It was stolen goods that were involved in the other counts, is that right?

"MR. ROGOWSKI: Pardon me.

"THE COURT: Was stolen goods involved in the other counts?

"MR. ROGOWSKI: Yes.

"THE COURT: And you knew they were stolen?

"MR. ROGOWSKI: Yes.

"THE COURT: Did you sell them?

"MR. ROGOWSKI: Yes.

"THE COURT: That's the reason Mr. Abbey where he had possession, and sold them you feel it would be difficult for him to prove he did not steal them?

"MR. ABBEY: Yes, sir. We feel the evidence, the state of the evidence, I would object to, but it's still there * *."

We believe there was a factual basis for the pleas of guilty, and that the pleas of guilty were knowingly, intelligently, and voluntarily made. *Boykin v. Alabama*, supra.

■ We note one discrepancy, however. The plea of guilty to count eight was never made and accepted. The transcript reads:

"THE COURT: To the charge of third degree burglary count seven?

"MR. ROGOWSKI: Guilty.

"THE COURT: And does that cover it to the charge of—trafficking in stolen property, count eight, I guess that would be?

"MR. ROGOWSKI: Guilty.

"MR. FLAKE: Actually Judge trafficking in stolen property would be an initial charge.

"THE COURT: Added wasn't an original charge.

All right wouldn't be counted, it would be added charge, can be considered as count eight.

"MR. FLAKE: Count eight is theft.

"THE COURT: Count eight is theft, all right be count nine then.

"MR. FLAKE: If you look at the second page of the plea agreement—

"THE COURT: Well, kind of covered up.

"MR. FLAKE: On the second page, on the back.

"THE COURT: Oh, I see back here count eight felony, all right. Trafficking in stolen property in the first degree it is.

"MR. ABBEY: Yes.

"THE COURT: You pled guilty to that, is that right?

"MR. ROGOWSKI: Yes."

Therefore, it was error to find defendant guilty of count eight, theft, for which defendant received a five year suspended sentence. The judgment of guilt as to count eight will have to be set aside.

### SENTENCE

The court sentenced the defendant to maximum five year prison terms and a seven year term of probation to run concurrently. Defendant maintains that this was error for two reasons. First, the court failed to comply with a provision of the probation statute, A.R.S. § 13–901(I). A.R.S. § 13–901(I) states:

"When granting probation, the court shall set forth at the time of sentencing and on the record the factual and legal reasons in support of each sentence."

 The transcript of the sentencing hearing shows that the court considered the defendant's presentence report and long history of delinquent behavior, and sentenced the defendant to probation and prison terms in order to provide the defendant with an opportunity to make restitution following his release from prison. The court complied with A.R.S. § 13–901(I).

Second, the defendant cannot comply with the terms of the probation while he is in prison. We have expressly held that in a case of a single indictment alleging multiple counts, the sentencing judge may impose concurrent terms of prison and probation. *State v. Mendibles,* 125 Ariz. 7, 606 P.2d 825 (1979); *State v. Jones,* 124 Ariz. 24, 601 P.2d 1060 (1979).

The court, however, imposed several conditions of probation, including the following:

"2. You shall report to the probation officer assigned to your case and at such times and in such manner as may be directed. * * *

"3. You shall do your best to be employed at all times.

"4. You shall reimburse the victim [victims] in this matter for their unrecovered loss on a schedule arranged by your probation officer.

"5. You shall not associate with any person whom you have reason to believe is violating any of the laws of the land nor with anyone who is on probation or parole or charged with a felony offense."

Defendant does not question the failure of the court to fix the amount to be paid as restitution, and we do not consider the matter on appeal. But see A.R.S. § 13–901(F) and *State v. Mathews,* 130 Ariz. 46, 633 P.2d 1039 (App.1981).

Defendant contends it will be impossible for him to comply with these terms while he is serving time in prison. We agree. However, we also agree with the State's position that the court intended the conditions and terms of probation to become effective after defendant's release from prison, thereby eliminating any conflict in the sentences. This latter sentence was proper under A.R.S. §§ 13–902 and 13–701(B); *State v. Jones,* supra.

Convictions and sentences affirmed as to counts 1 through 7 and trafficking in stolen property. As to count 8, the judgment and sentence is set aside and the matter remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., and HOLOHAN, HAYS and GORDON, JJ., concur.