702 P.2d 260

**STATE of Arizona, Appellee,**

v.

**John David GROOMS, Appellant.**

**No. 1 CA–CR 8227.**

Court of Appeals of Arizona,
Division 1.

June 11, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Georgia B. Ellexson, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Richard I. Mesh, Phoenix, for appellant.

## OPINION

BIRDSALL, Presiding Judge.

The appellant was convicted of custodial interference, A.R.S. § 13–1302, and was given an aggravated sentence of 1.875 years' imprisonment. He argues on appeal that the trial court should have directed a verdict since there was no evidence that the child had been "entrusted by authority of law to the custody of another person." He also contends that his sentence should not have been aggravated. We affirm the conviction but modify the sentence to the presumptive term of 1.5 years.

The appellant was married to the mother of a one-year-old boy, Jayson. She was in jail pending trial on a charge of driving while under the influence. She had been previously convicted of driving while under the influence the month before. During that ten days the mother was in jail, appellant did care for Jayson and his six-year-old brother, Michael, under the supervision of Child Protective Services. The mother contacted the appellant upon her second incarceration, asking him to arrange for bail and to pick up the children from school and day care.

Upon her release, the mother found a note left by the appellant, indicating he had done something to place Jayson where he would be safe, happy, and well cared for.

Later the appellant told her he had found a Quaker family to give Jayson a good life. The appellant's note, and another earlier note, indicated his belief that the mother was an unfit parent. So far as our record shows, the appellant has never revealed Jayson's whereabouts.

The statute under which the appellant was convicted, A.R.S. § 13–1302, provides:

"A. A person commits custodial interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or keeps from lawful custody any child less than eighteen years of age or incompetent, entrusted by authority of law to the custody of another person or institution.

B. Custodial interference is a class 6 felony unless the person taken from lawful custody is returned voluntarily by the defendant without physical injury prior to arrest in which case it is a class 1 misdemeanor."

A 1984 amendment did not become effective until after trial of this case. The amendment would not affect our disposition here.

■ The appellant argues that one cannot be guilty of custodial interference unless there has been some judicial act entrusting the custody of the child to a person or institution. We do not agree. The natural parents of a child are entitled to custody absent some order or its equivalent to the contrary. This is a legal right. *Le-Roy v. Odgers*, 18 Ariz.App. 499, 503 P.2d 975 (1972). And see *In Re Maricopa County Juvenile Action No. JD–561*, 131 Ariz. 25, 638 P.2d 692 (1981), holding that a parent's interest in the custody and control of his/her children is protected and may not be changed without due process and strict compliance with applicable statutes. In *State v. Donahue*, 140 Ariz. 55, 57, 680 P.2d 191, 193 (App.1984), the court noted: "appellant does not contest the fact that, as

Brian's natural mother, Edrie Hale was 'entrusted by authority of law' with his custody."

■ In the instant case, the natural mother had sole custody of Jayson. The record shows the father was unknown. The appellant had not adopted Jayson although he was married to the mother. We hold that interference with the mother's custody was custodial interference within the meaning of A.R.S. § 13–1302(A).

■ The only aggravating circumstance found by the trial court was stated as follows:

"The aggravating fact is an infant is gone and the jury found this man guilty of it, and nobody knows where the child is, whether the child is dead or alive or kidnapped, or whatever, and he has refused to divulge any information except just to say he's not guilty, and that's the aggravating factor."

We believe this was a violation of the appellant's Fifth Amendment right to remain silent. See *State v. Kerekes*, 138 Ariz. 235, 673 P.2d 979 (App.1983). We believe the fact that the child's whereabouts were unknown could have been found to be an aggravating circumstance, but not the fact that the appellant refused to divulge that information.

Affirmed as modified.

HOWARD and FERNANDEZ, JJ., concur.

This case was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E) (Supp.1984).