704 P.2d 291

**The STATE of Arizona, Appellee,**

v.

**Edward Allen McINELLY, Appellant.**

**1 CA–CR 8135.**

Court of Appeals of Arizona,
Division 1.

July 18, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Phoenix, for appellee.

Richard D. Coffinger, Glendale, for appellant.

OPINION

HOWARD, Judge.

Appellant was arrested by a Department of Public Safety patrolman in Cordes Junction, Arizona, after the officer discovered narcotics and other illegal substances in the vehicle in which appellant and two others were traveling. Following a jury trial, appellant was convicted of possession of marijuana for sale, a class 4 felony, transportation of marijuana, a class 2 felony, and possession of an imitation controlled substance with intent to distribute, a class 6 felony. Imposition of sentence was suspended for a period of two years, and appellant was placed on probation pursuant to A.R.S. § 13–901(A).

In his first argument on appeal, appellant urges that we reverse his convictions because, although appellant was charged only as a principal, the trial court instructed the jury on the accountability of an accomplice. Appellant refers to the following instruction given by the trial court:

" 'In Arizona, one person can be liable under the criminal law for the conduct of another person if the first person is an accomplice of the other person in the commission of an offense. "Accomplice" is defined to mean a person who, with the intent to promote or facilitate the commission of the offense, aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense or provides means or opportunity to another person to commit the offense.' "

The indictment charges appellant as a principal. It does not allege that appellant committed the charged offenses as an accomplice, nor does it cite A.R.S. § 13–301 or § 13–303, from which the disputed instruction was derived. Nevertheless, appellant's contention is without merit. There is no requirement that the indictment charge appellant as an accomplice in order to permit a jury instruction to that effect. *Browning v. State*, 53 Ariz. 174, 87 P.2d 112 (1939); *State v. Mendibles*, 25 Ariz. App. 392, 543 P.2d 1149 (1975). Under

Arizona law, an accused is a principal regardless of whether he directly commits the illegal act or aids or abets in its commission. *Browning v. State*, supra. Appellant was afforded due process through adequate notice of the charges against him. He was not entitled to notice of the precise method of proving those charges. See *State v. Tison*, 129 Ariz. 526, 633 P.2d 335 (1981), cert. denied 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982) ("conspiracy" instruction was proper although the defendant was not indicted for conspiracy). Appellant was convicted as charged in the indictment. We find no error.

■ Appellant's second contention is that the trial court committed reversible error by refusing appellant's proffered jury instruction on the definition of the word "transportation." The rejected instruction stated:

"Transportation means carrying property by means of some form of conveyance from a starting point toward a destination *with the intent of delivering or putting the property down at the destination.*" (Emphasis added.)

The thrust of the proffered instruction is that the "transportation" required for conviction must be done with a specific intent and with a definite starting point and destination or else the "transportation" is nothing more than possession. See *People v. Kilborn*, 7 Cal.App.3d 998, 87 Cal.Rptr. 189 (1970), cert. denied, 404 U.S. 998, 91 S.Ct. 478, 27 L.Ed.2d 449 (1971). This is not the law in Arizona. In *State v. Mahoney*, 106 Ariz. 297, 475 P.2d 479 (1970), 401 U.S. 917, 91 S.Ct. 898, 27 L.Ed.2d 818 (1971), the court stated:

"The defendant next contends that the state failed to prove a prima facie case of transporting marijuana as required under A.R.S. § 36–1002.07, as amended. He maintains that it was the intent of the legislature that the word 'transport' would indicate more than finding of [sic] marijuana in a car traveling approximately more than one mile. With this contention we cannot agree. No duty is upon the state to establish great distance or

change in locality where transportation is required." 106 Ariz. at 302, 475 P.2d at 484.

■ Appellant further argues that his conviction for transportation of marijuana is barred by the substantive due process clauses of the United States and Arizona constitutions because there is no rational basis for criminalizing the transportation of marijuana separately from, and more severely than, the mere possession of the drug. We agree that the rational basis test applies to this type of constitutional inquiry. See *State v. Murphy*, 117 Ariz. 57, 570 P.2d 1070 (1977). However, we do not agree that appellant's conviction must be reversed.

■ There is a presumption that the legislature acts constitutionally, and when there is a reasonable, even though debatable, basis for the enactment of the statute, we will uphold the statute unless it is clearly unconstitutional. *State v. Murphy*, supra; *State v. Also*, 11 Ariz.App. 227, 463 P.2d 122 (1969). If the court can discover any purpose related to public health, safety or welfare which the statute could serve, we will not question the wisdom of the legislation. *State v. Murphy*, supra. Although *Murphy* dealt only with the prohibition of home use of marijuana, independent rational bases exist in the present case for the separate proscription of transportation of that same illegal substance. Transporting an intoxicating substance in the cabin area of a motor vehicle may encourage its use or consumption by the driver, which in turn could threaten the safety of those riding in the vehicle and of the public as well. In addition, the transportation of illegal substances facilitates their distribution, contrary to the state's interest. Applying the rational basis test, we find these considerations alone to be sufficient support for the state's enactment of the statute.

■ Appellant next argues that his convictions for possession of marijuana for sale and for transportation of marijuana cannot both stand because they constitute double punishment in violation of A.R.S.

§ 13–116. We do not agree. Unlike its predecessor, former A.R.S. § 13–1641, the present statute permits multiple convictions and sentences for offenses having some identical elements, so long as the sentences are concurrent. *State v. Thurman,* 134 Ariz. 465, 657 P.2d 878 (App. 1982); *State v. Harmon,* 132 Ariz. 54, 643 P.2d 1024 (App.1982); *State v. Moroyoqui,* 125 Ariz. 562, 611 P.2d 566 (App.1980). Relying on *State v. Rogowski,* 130 Ariz. 99, 634 P.2d 387 (1981), appellant asserts that we must reverse either one or the other of his marijuana convictions because, under *Rogowski,* the paper sack of marijuana "lids" found under the vehicle's seat can be used as evidence in support of only one conviction under the "identical elements" test. A.R.S. § 13–116 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished *under both,* but in no event may sentences be other than *concurrent....*" (Emphasis added.)

In *Rogowski* the court stated:

"A.R.S. § 1–116 (previously § 13–1641) bars double punishment for 'an act or omission which is made punishable in different ways by different sections of the laws * * *.' The provision also bars double convictions for one act or offense. *State v. Castro,* 27 Ariz.App. 323, 554 P.2d 919 (1976)." 130 Ariz. at 101, 634 P.2d at 389.

With all due respect to the *Rogowski* court, this statement is clearly contrary to A.R.S. § 13–116, and it is evident that the court went astray by relying on *State v. Castro,* supra, which was decided under the former statute, A.R.S. § 13–1641. In any event, appellant's reliance on dictum in *Rogowski* is misplaced. In fact, in the *Rogowski* opinion the *Rogowski* court implies that the same stolen property can be used as evidence to support convictions for theft and for trafficking in stolen property, in direct contradiction to appellant's position. Likewise, the marijuana in the instant case can be used to support both convictions related to it. Neither offense is a lesser-included of the other, nor was appellant sentenced consecutively for offenses arising out of the same circumstances. Both convictions are proper, and we affirm.

■ Appellant's fourth argument on appeal is that the trial court committed reversible error when it refused to defer the designation of appellant's conviction for possession of an imitation controlled substance until the period of probation was completed. Under A.R.S. § 13–702, the trial court may under certain conditions designate a class 6 felony as a class 1 misdemeanor. The trial court refused appellant's request to defer the designation and designated the conviction as a class 6 felony. At the time of appellant's sentencing, A.R.S. § 13–702(G) provided, in pertinent part:

"Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or a dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly."

In *State v. Wright,* 131 Ariz. 578, 643 P.2d 23 (App.1982), we interpreted the above provision to mean that the trial court could not delay the designation of the offense, but instead had to decide whether or not it would designate the offense as a class 1 misdemeanor when it entered a judgment of conviction. *State v. Wright,* supra. The legislature later decided to amend the statute to allow trial courts to delay designating the offense until the termination of probation. See A.R.S. § 13–702(H). Appellant concedes that the amendment was not in effect at the time of his sentencing. Furthermore, even if it had been, the trial

court still would have had the discretion to decide whether or not to defer designating the offense. Appellant's position is without merit.

Appellant's final contention, that the prosecution denied him due process and equal protection when it conditioned its plea offer upon certain conduct by appellant's co-defendants, deserves no further discussion because appellant has no right to a plea offer from the prosecution and thus has no ground to complain about the terms of any such offer.

We have searched the entire record for fundamental error and have found none.

Appellant's convictions and the sentence imposed are affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.