733 P.2d 1166

**STATE of Arizona, Respondent,**

v.

**James Raymond COLEMAN, Petitioner.**

**No. 1 CA–CR 10364–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 24, 1987.

---

William J. Ekstrom, Jr., Mohave Co. Atty., Kingman, for respondent.

Kenneth Everett, Mohave County Public Defender, Kingman, for petitioner.

## OPINION

GRANT, Judge.

James Raymond Coleman, appellant (Coleman), petitions this court for review of the trial court's denial of his petition for post conviction relief. He claims that the record does not support a factual basis for his guilty plea. We agree.

The sparse record before us reveals that Coleman was indicted by a grand jury for custodial interference, a class 6 felony.

Coleman entered into a written plea agreement on August 30, 1984, in which he agreed to plead guilty to custodial interference, an undesignated charge. In exchange, he was to receive three years probation, with the offense to be designated a misdemeanor upon successful completion of probation.

The record at the plea hearing indicates that Coleman's wife was given temporary custody of their son pursuant to court order. Immediately after the custody hearing, his wife agreed to let the child go with Coleman for the evening. Coleman took his son to the State of Washington without telling his wife. Approximately three weeks later, he contacted his wife and asked her to come stay with him and the child. She complied, and lived with him and their son for several weeks until Coleman was arrested. The apparent basis for the arrest was a criminal complaint filed by his wife the day after he took the child.

Upon hearing this testimony, the court declined to find a factual basis for the plea. The court recessed and later the parties returned. Coleman then entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and explained that his pleading guilty would facilitate visitation with his son. After some further discussion concerning the conditions of probation, the court found a factual basis for the plea, and that it was voluntarily, knowingly and intelligently made. Coleman was placed on three years probation. The offense remained undesignated. Coleman did not appeal.

Approximately five months later, the state filed a petition to revoke probation. Coleman entered into a plea agreement whereby he admitted violating the conditions of probation by leaving the state without prior approval of his probation officer. *State v. Reidhead*, 152 Ariz. 231, 731 P.2d 126 (App.1986). In exchange, the remaining alleged technical violations (failure to pay fine and assessment fees) were dismissed. The plea agreement also stated that the offense would be designated a

felony at that time, and probation would be reinstated. No transcript of the revocation hearing is before this court.

On October 7, 1985, the state filed another petition to revoke, alleging a failure to report and a failure to pay fines and support. Coleman again entered into a written plea agreement whereby he agreed to admit the allegations in exchange for a sentence in the judge's discretion. This time, the court revoked probation and sentenced Coleman to 1.5 years in prison, the presumptive term for a class 6 felony. The court gave Coleman 109 days credit on his sentence and informed him of his right to appeal. Coleman did not appeal from the revocation or sentence imposed.

On February 6, 1986, Coleman filed a petition for post conviction relief pursuant to rule 32 of the Arizona Rules of Criminal Procedure. He claimed as ground for relief an insufficient factual basis for the charge of a class 6 felony. Coleman sought relief either by release or right to file a delayed appeal.

The state responded, arguing that Coleman was precluded from raising the claim since he failed to raise it at any earlier stage of the proceedings. Coleman filed a supplement to his petition, alleging more specifically that there was no factual basis for the plea because the state failed to establish that the child was not returned to lawful custody prior to his arrest. Coleman claimed that this was a factual element of the offense which was not shown, and thus, the plea should not have been accepted.

The lower court found that Coleman had entered the plea "knowingly and intelligently and is estopped at this time from asserting there was no factual basis." Accordingly, Coleman's petition and subsequent motion for rehearing were denied.

## PRECLUSION

The state argues in its opposing memorandum that Coleman is precluded from contesting the validity of his plea at this time. Coleman asserts that the requirement that there be a factual basis for his plea is a constitutional one which cannot be waived.

Coleman cites *State v. Snodgrass,* 117 Ariz. 107, 570 P.2d 1280 (App.1977) for support. The appellant in *Snodgrass* appealed his conviction pursuant to a no contest plea, alleging several errors. However, he did not raise as error an insufficient factual basis for his plea. The appellate court found that rule 17.3, Arizona Rules of Criminal Procedure, "demands that the record show substantial evidence of the defendant's actual guilt." *Id.* at 110–11, 570 P.2d at 1283–84, citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court thus raised the issue *sua sponte* and found that the record did not establish that Snodgrass had committed the crime as charged in the information. Accordingly, it set the plea and conviction aside.

■ The state argues that *State v. Gaffney,* 121 Ariz. 271, 589 P.2d 914 (App.1979) mandates preclusion in this case. The present case is easily distinguishable from *Gaffney.* The appellant in *Gaffney* had already received a rule 32 hearing and had failed to raise these grounds for relief, even though he obviously knew they existed. By contrast, this is Coleman's first rule 32 petition. The record indicates that petitioner was unaware of the necessity of raising by direct appeal the claim he now presents. *See State v. Carriger,* 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). The offense remained undesignated until later, and no discussion took place at the plea hearing concerning the significance of the child's return. Under these circumstances, Coleman has properly presented his case for review on the merits.

## VALIDITY OF THE PLEA

The plea agreement listed the elements of custodial interference as follows: 1) Defendant took a child under the age of 18 from the lawful custody of another; 2) knowing he had no right to do so; and 3)

kept the child from lawful custody. *See State v. Grooms,* 145 Ariz. 439, 702 P.2d 260 (App.1985). The court stated these same elements as the elements of the offense at the change of plea. They are drawn from A.R.S. § 13–1302(A) which provides:

A person commits custodial interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or keeps from lawful custody any child less than eighteen years of age or incompetent, entrusted by authority of law to the custody of another person or institution.

However, subsection B of that same section, in effect when the defendant took his son, provided:

Custodial interference is a class 6 felony unless the person taken from custody is returned voluntarily by the defendant without physical injury prior to arrest in which case it is a class 1 misdemeanor.

The defendant argues that the court was required to find as an element of the charge that he did not voluntarily return the child to the mother's lawful custody prior to accepting the plea with its possible felony designation. This argument has not been addressed by our courts because none of the defendants in the opinions interpreting A.R.S. § 13–1302 claimed they returned the child voluntarily. *See State v. Grooms,* 145 Ariz. 439, 702 P.2d 260 (App.1985); *State v. Donahue,* 140 Ariz. 55, 680 P.2d 191 (App.1984). *See also State v. Kracker,* 123 Ariz. 294, 599 P.2d 250 (App.1979).

■ From the face of the statute, it appears that failure to voluntarily return the child was intended by the legislature to be an element of the crime. The return to custody is the only fact distinguishing a misdemeanor from a felony. That distinction carries with it serious ramifications which extend beyond the immediate consequences of the present pending charges. *See, e.g.,* A.R.S. § 13–604(A). We therefore conclude that failure to return the child to custody is an element of the felony charge.

■ This does not mean that the trial court must inform a defendant of each element of every crime with which he is charged. *State v. Rogowski,* 130 Ariz. 99, 634 P.2d 387 (1981). However, the record must show that the defendant understood the nature of the charges against him and that his conduct fell within those charges. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); and *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

For example, the defendant in *Henderson v. Morgan* pled guilty to second degree murder. Neither defense counsel nor the trial court explained to the defendant that an intent to cause death was an element of the offense. The record showed that defendant had an IQ low enough to suggest an inability to form the requisite intent for murder. Moreover, the defendant stated at his change of plea that he meant no harm to his victim. The Supreme Court affirmed the district court's decision to set the plea aside. It found that the defendant did not receive adequate notice of the elements which had to be established by the state and that the record did not contain sufficient facts to show the missing element was met.

In a concurring opinion, Justice White explained that under *Alford,* a guilty plea may be accepted even when the defendant contests his innocence, as long as the defendant could make an intelligent decision that he would be convicted anyway. Justice White reasoned:

a defendant cannot 'intelligently' reach that conclusion if he does not know the elements of the crime to which he is pleading and therefore does not know what the State has to prove; and his ignorant decision to plead guilty under such circumstances is not a reliable indication that he is in fact guilty.

426 U.S. at 648, n. 1, 96 S.Ct. at 2259, n. 1, 49 L.Ed.2d at 117, n. 1. (White, J., concurring).

Giving a precise explanation of the crime ensures that the defendant understands that by pleading not guilty the State must prove certain facts and permits the defendant to make an intelligent judgment whether to go ahead with the plea. 2 W. LaFave & J. Israel, *Criminal Procedure* § 20.4(c) at 645 (1984). *See also McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1969) ("[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.").

In addition, a guilty plea may only be sustained if there is strong evidence of guilt in the record. *State v. Norman,* 118 Ariz. 23, 574 P.2d 491 (App.1978). Facts showing guilt must be established on each element prior to accepting a guilty plea. *State v. Snodgrass,* 117 Ariz. 107, 570 P.2d 1280 (App.1977). For example, in *State v. Norris,* 113 Ariz. 558, 558 P.2d 903 (1976), the state established a factual basis for the elements of embezzlement but failed to present facts sufficient to show one element of the lesser offense of false pretenses to which the defendant pled guilty. Consequently, the supreme court vacated the order accepting the plea. *See also State v. Johnson,* 142 Ariz. 223, 689 P.2d 166 (1984) (state must show factual basis for two prior convictions admitted by defendant for enhancement purposes in subsequent charge). Inquiring into the factual basis for a plea should protect a defendant who pleads guilty "without realizing that his conduct does not actually fall within the charge." 2 W. LaFave & J. Israel, *Criminal Procedure* § 20.4(f) at 652, quoting rule 11, Federal Rules of Criminal Procedure, advisory committee's note.

The record before us suggests both that Coleman was unaware of the nature of the charges against him and that there was an insufficient factual basis for the felony charge. The court never mentioned what conduct distinguished a felony from a misdemeanor charge. In fact, the state indicated at the change of plea that whether the wife went to Washington was immaterial to the defense. The record fails to indicate whether Coleman knew or should have known the significance of the child's location at the time of his arrest. Coleman has consistently maintained that he returned the child to the mother prior to his arrest. At the change of plea, he only admitted taking the child without authority beyond the county borders in violation of the custody award. The state did not offer more to support the plea.

The extended record fails to show that Coleman's plea was a knowing and intelligent choice based on a complete understanding of the charge against him. In addition, the evidence produced at the change of plea fails to establish a strong showing of guilt on the felony charge. We accordingly set aside the plea, reinstate the original charges and remand for further proceedings consistent with this opinion.

Review granted, relief granted, plea set aside, and case remanded.

EUBANK, P.J., and HAIRE, J., concur.