NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellant*,

*v.*

NINOS ROBERT WANNA, *Appellee*.

No. 1 CA-CR 21-0438
FILED 3-2-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-135555-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Appellant*

Horan Law Offices, PC, Phoenix
By Adnan Horan
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann[1] delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**S W A N N**, Judge:

¶1             The state appeals the superior court's order granting Ninos Robert Wanna's petition for Expungement of Records.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2             In July 2012, two Phoenix Police Officers responded to a residential alarm.  When they arrived at the home, they encountered Wanna and his wife sitting at a table on the back patio.  The officers smelled burnt marijuana and saw a clear plastic baggy containing a green, leafy substance on the table labeled "Mowie Wowie."  Wanna admitted to smoking marijuana and the officers placed him under arrest.  Their subsequent search of Wanna's wallet revealed a piece of plastic containing a tar-like substance later identified as heroin.  The officers also found a razor blade, two straws with burnt ends, and several pieces of tin foil.  After being advised of his rights consistent with *Miranda v. Arizona*, 384 U.S. 426 (1966), Wanna admitted to using the tin foil and straws to smoke heroin.

¶3             The state charged Wanna with (1) possession of drug paraphernalia, a class 6 felony; (2) possession or use of narcotic drugs, a class four felony; and (3) possession or use of marijuana, a class six felony. In August 2012, Wanna entered a plea agreement by which he pled guilty to one count of possession of drug paraphernalia.  The sentencing minute entry states that Wanna possessed drug paraphernalia in violation of A.R.S.

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court.  He retired effective November 28, 2022.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

§§ 13-3401, 13-3408, 13-3415, 13-3418, 13-610, 12-269, 13-701, 13-702, 13-604, 13-801, 13-901.01(D), and 13-901.01(H).[2]

¶4        A.R.S. § 13-3408 makes it unlawful to possess narcotic drugs. However, at Wanna's November 2012 sentencing hearing, his attorney read the following factual basis:

> Your Honor, on or about July 4th, 2012, at the residence of 17419 North 35th Avenue in Phoenix, Mr. Wanna knowingly possessed a baggy known to be stored for a usable quantity of marijuana that occurred in Phoenix, Maricopa County, the state of Arizona, Judge.

¶5        The court asked the state if it wished to make any additions or corrections to the factual basis, to which the state responded, "No, your Honor." The court then sentenced Wanna to three years' probation, six months' deferred jail, and substance abuse treatment.

¶6        Nine years later in August 2021, Wanna moved the court to expunge his drug paraphernalia conviction and the underlying arrest record under A.R.S. § 36-2862. The state opposed the motion, arguing that Wanna's paraphernalia conviction related to narcotic drugs rather than marijuana, making him ineligible for expungement under the statute. The superior court granted Wanna's petition. The state appeals.

## DISCUSSION

I.        WE HAVE JURISDICTION OVER THIS APPEAL.

¶7        Our jurisdiction is limited to those appeals authorized by statute. *See* Ariz. Const. art. 6, § 9. We review questions of statutory interpretation de novo. *State v. Holle*, 240 Ariz. 300, 302, ¶ 8 (2016). The state may not appeal criminal cases "absent express legislative authorization to the contrary." *Arizona v. Manypenny*, 451 U.S. 232, 246 (1981). A.R.S. § 13-4032 outlines the exclusive grounds on which the state may appeal from criminal cases. Wanna argues that we do not have jurisdiction over this matter because § 13-4032 does not give the state a right

---

[2]        In the interest of completeness, we have included the entire string citation from the minute entry. However, only § 13-3408 (prohibiting the possession of narcotic drugs), § 13-3415 (prohibiting the possession of drug paraphernalia), and § 13-3401 (providing relevant definitions) are relevant to our discussion.

to appeal the superior court's granting of an expungement petition. We disagree.

¶8 The state may appeal from "[a]n order made after judgment affecting the substantial rights of the state." A.R.S. § 13-4032(4). The state has a substantial right to ensure that defendants face the legal consequences of their convictions. For example, in *State v. McKelvey*, our supreme court held that the state could appeal an early-release order because it has a substantial interest in having prison sentences carried out. 30 Ariz. 265, 267–68 (1926). So too here, the state has a substantial right to preserve the host of legal consequences that conviction records may carry. *See, e.g.*, A.R.S. §§ 13-701(D)(11) (including certain convictions as sentencing aggravators), 13-703 (establishing sentencing schemes for repetitive offenders), 36-2862(D) (providing that expunged conviction cannot be used in subsequent prosecution), 16-101(A)(5) (precluding felony convicts from voting absent expungement), 25-403.04(A) (describing rebuttable presumption disfavoring sole or joint legal decision-making by parents with certain convictions). Because the granting of an expungement order directly interferes with that right (and does not challenge the disposition of the underlying criminal case), we have jurisdiction under A.R.S. § 13-4032(4).[3]

II. THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION IN EXPUNGING WANNA'S CONVICTION.

¶9 We review the superior court's grant of a motion for expungement for abuse of discretion but review issues of statutory construction de novo. *See State v. Bernini*, 233 Ariz. 170, 173–74, ¶ 8 (App. 2013). "An error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion." *State v. Hall*, 234 Ariz. 374, 375 ¶ 3 (App. 2014) (citation omitted). The state argues that because a plea agreement is interpreted according to contract law standards, the superior

---

[3] In *State v. Santillanes*, our colleagues held that the state does not have a right to directly appeal expungement orders under A.R.S. § 36-2862. ___ Ariz. ___, ___, ¶¶ 11–19, 522 P.3d 691, 695–96 (App. 2022). The court found that Arizona voters did not intend to give the state a right to directly appeal such expungement orders and that the state's statutory grounds for appeal are inapplicable in such cases. *Id.* But A.R.S. § 13-4032 explicitly grants the state standing in cases where its substantial rights are at issue. Because the expungement of a conviction affects a substantial right of the state, we respectfully depart from the holding in *Santillanes*.

court erred in finding the factual basis altered the written plea agreement. We find no error in the court's conduct.

¶10        Before accepting a plea under Ariz. R. Crim. P. 17.3, the superior court must first "be satisfied that there is a factual basis to support all the essential elements of the charge." *State v. Johnson*, 142 Ariz. 223, 224 (1984). In its minute entry granting Wanna's expungement petition, the court found that "[Wanna]'s conviction for Count 1 (as amended) for Possession of Drug Paraphernalia, was supported by a factual basis for possession of drug paraphernalia for marijuana, rather than drug paraphernalia for use with a narcotic drug, as originally charged." The court's findings are supported by the transcript from Wanna's 2012 change of plea hearing, which made no mention of narcotic drugs.

¶11        The state argues that the proper redress for any issues with the factual basis would be "to set aside the plea and reinstate the original charges." In defense of this assertion, the state references *State v. Coleman*, 152 Ariz. 583 (App. 1987). In *Coleman*, we set aside the defendant's plea and reinstated his original charges because we found the factual basis insufficient to support his conviction. *Id.* at 587. That is not the case here.

¶12        Wanna was convicted under Arizona's drug paraphernalia statute, which states:

> [I]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter.

A.R.S. § 13-3415(A). His conviction is supported by the factual basis the parties agreed to at his change of plea hearing: that Wanna possessed a plastic baggie he knew contained marijuana. These facts cover every element of the offense. The record supports the superior court's finding that Wanna's paraphernalia conviction related to marijuana rather than narcotic drugs, making him eligible for expungement under A.R.S. § 36-2862.

## CONCLUSION

¶13 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA